·GARESCHE v. THE PRESIDENT, DIRECTORS AND FACULTY OF ST. VINCENT'S COLLEGE, *Appellants*.

1. **Practice in Supreme Court**: ERRONEOUS INSTRUCTIONS. A judgment should not be reversed for error in instructions given for respondent when precisely the same instructions are given for appellant.

·2. **Evidence.** If there is danger that evidence properly admitted for one purpose may be used by the jury, in making up their verdict, for another and improper purpose, the court should be asked to instruct them as to its proper use. If this is not done, and the appellate court cannot see that they have made a mis-use of it, and there is other evidence sufficient to sustain the verdict, the judgment will not be reversed because of the possible error.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. HAMILTON G. WILSON, Judge.

AFFIRMED.

This was a suit for the value of professional services rendered by the plaintiff, as attorney, to the defendants, in certain suits brought against them by one Dougherty. The first suit was brought to set aside and annul certain deeds conveying the site of defendants' college, the site of a Catholic church and a farm near the town of Cape Girardeau. When plaintiff, who resided in St. Louis, was employed to defend this suit, he reserved the right to have local counsel if necessary; but wishing to save the defendants unnecessary expense, and believing at that time that it would not be necessary, he did not request the employment of any one. At the return term, the plaintiff was

sick with small-pox and could not attend. The term lasted two weeks, and on the day before the beginning thereof, the defendants were informed by Dougherty's counsel of plaintiff's inability to be present. No one appearing for the defendants, and no answer having been filed, a judgment by default was entered, which was at the same term made final. Upon learning this fact, on the day before that on which the court adjourned, the defendants employed an attorney at Cape Girardeau to look after the case, who, when on his way to Jackson where the court was in session, met Dougherty's attorney, who informed him that an interlocutory decree had been rendered, but that it would be set aside at the next term, and he, thinking it unnecessary to go to Jackson, thereupon returned home. Having obtained a final decree in the suits to set aside the deeds, Dougherty then instituted an action of ejectment against the defendants to recover possession of the property described in said deeds. The plaintiff attended the succeeding term of court, had both the final and interlocutory decrees set aside, obtained leave to plead, and filed a demurrer to the petition, which was sustained, and final judgment entered thereon. From this judgment Dougherty appealed to this court, where the sole question decided was as to the right of the circuit court to set aside the final judgment at a term subsequent to that at which it was rendered. 53 Mo. 579.

There was testimony tending to show that in consequence of the plaintiff's sickness, an engagement was entered into by the attorney of Dougherty to continue the case, and that he so informed the defendants. Mr. Brown, the attorney, swears that he told the defendants to employ counsel and that he never entered into any agreement to continue the cause. Testimony of professional men was introduced by both parties as to the value of the services rendered, based upon hypothetical statements of the facts made by them respectively. All the correspondence between the plaintiff and Father O'Keefe, who represents the

defendants, relating to the litigation, was also introduced.

The defense set up in the answer was, that the greater portion of the services rendered by the plaintiff became necessary by reason of the default and final judgment rendered thereon, in consequence of his negligence.

There was a verdict and judgment for the plaintiff, from which defendants appealed to this court, alleging as errors the action of the court in permitting plaintiff to read certain letters in evidence, and in giving certain instructions prayed by plaintiff. This court sustained both of these objections to the judgment, and ordered the same to be remanded; but upon motion of respondent a re-hearing was granted.

*Houck & Ranney* for appellants.

*A. J. P. Garesche pro se.*

Hough, C. J.—A re-hearing was granted in this cause for the reason that it was brought to the attention of the court that the printed abstract on which our opinion was founded, was incorrect, and that it appeared from the record in the cause that precisely the same instructions which were complained of by the appellant and were condemned in our opinion, were also given at the request of the appellant.

1. PRACTICE IN SUPREME COURT: erroneous instructions.

In our original opinion reversing the judgment of the common pleas court, we also stated that: "The necessary correspondence between the plaintiff and Father O'Keefe, in regard to the preparation and progress of the cause was itself a part of the labor in the cause, but the statements of the plaintiff therein contained as to the services rendered by him were inadmissible to prove either the extent or value of such services." As the judgment was reversed because of the supposed error in giving instructions, this statement was made chiefly as a direction to the lower court in re-trying the cause, and without any comparison of the statements contained in these letters

2. EVIDENCE.

with the other testimony in the cause. From an examination of the manuscript record it appears that much of the objectionable matter contained in the letters properly appears in other parts of the record, and the substance thereof was included in a hypothetical statement on which the testimony of " professional men " as to the value of plaintiff's services was based.

The letter of the plaintiff's son, commented upon in the argument at the re-hearing, was properly in evidence for the purpose of showing a demand.

Besides, as these letters were properly in evidence for one purpose, the defendant should have asked an instruction from the court limiting the uses to which they should be put by the jury in making up their verdict. This was not done, and as we cannot see that the jury were misled by anything contained in these letters which were properly before them, and as there is abundant testimony outside of these letters to sustain the verdict of the jury, we will affirm the judgment of the common pleas court.

The other judges concur, except Judge SHERWOOD, not sitting.