BENJAMIN F. GARST, Appellant, v. ELBERT GOOD,
Respondent.

Kansas City Court of Appeals, May 16, 1892.

1.  Landlord and Tenant: LIEN RELEASED BY NOTE.  The taking of
    a note for rent does not necessarily operate to extinguish the land-
    lord's lien on the crop, and at most only amounts to a presumption
    subject to be overcome by proof; and it is error to reject testimony
    that the lien was not waived.

2.  Practice, Appellate: INVITED ERROR.  The appellant cannot
    assume in the appellate court an attitude different from that he occu-
    pied at the trial, and have the judgment reversed because of error he
    invited the court to commit.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A.
                    ANTHONY, Judge.

AFFIRMED.

*M. McKillop*, for appellant.

*Lewis & Ramsay* and *L. J. Miles*, for respondent.

GILL, J.—In March, 1890, Horn rented for the
period of one year a certain piece of farming land to
Million and Parker, they agreeing to pay $237 cash
on December 25, 1890.   The contract for renting was
in writing; and in addition thereto the lessees made
their note payable December 25, 1890, to Horn for the

said $237, and Hayes signed the note as security. The tenants raised a crop of corn and gathered and cribbed it on the land. They then sold the corn, in the pens, to plaintiff Garst. Thereupon, Horn brought suit to enforce his landlord's lien for unpaid rent, and attached the corn. Garst then brought this action of replevin against Good, the constable, to recover the grain. The cause was tried by the court below without a jury; the judgment was in defendant's favor, and plaintiff appealed.

Plaintiff's counsel has neglected to furnish us with such an abstract of the record as contemplated by rule 15 of this court, and has also failed to supply us with a statement of the case. However, from the meager showing made by the abstract and statement filed here by defendant's counsel, we gather the facts as above set out.

During the trial below it seems to have been the theory of the plaintiff that the landlord's lien on the crop for the rent agreed to be paid was waived or released by taking the note signed by the lessees and Hayes as security. His counsel carried this so far as to insist that the mere fact that the note was made constituted *ipso facto* a waiver of the lien; for it seems that defendant sought to show, by the circumstances and by what was understood when the lease and note were executed, that there was no intention to release the lien the landlord might have on the crop to be grown on the land, and that both parties so agreed at the time; but to this character of evidence the plaintiff objected and the court excluded the same. And yet the plaintiff is now asserting that the giving and accepting the note by Horn, the landlord, made a *prima facie* case of waiver, or abandonment of the lien, and that this presumption becomes absolute unless rebutted by other evidence.

Plaintiff was clearly wrong in his first contention. When Horn, the landlord, took from his tenants the note for the further security of his rent, it did not necessarily operate to release or extinguish his lien on the crop. At most, it was only a presumptive discharge thereof, subject to be overcome by other proof. *Pratt v. Eaton*, 65 Mo. 157; *Kendrick v. Eggleston*, 56 Iowa, 128; *Rollins v. Proctor*, 56 Iowa, 326.

But plaintiff cannot now assume an attitude different from that he occupied at the trial and object to defendant's recovery because of the want of that evidence for the absence of which he is responsible. As already said, defendant (who stands here for Horn, the landlord) offered to show by all the circumstances attending the execution of the note and by the understanding at the time, that the landlord's lien was not to be waived or released, and the trial court, by the request of the plaintiff, excluded such testimony.

The lower court erred in this regard; but the error is blamable on the plaintiff, since he invited the court to commit it, and he cannot now be heard to complain thereof, nor will he be permitted to profit thereby. *Lee v. Hassett*, 39 Mo. App. 67.

The judgment in this case is manifestly for the right party, and will be affirmed. All concur.