## BEN PHILLIPS, Respondent, v. JAMES BURROWS, Appellant.

### Kansas City Court of Appeals, January 6, 1896.

1. **Landlord and Tenant:** LIEN FOR RENT: SUBTENANT. Subtenants are as much bound for the rent money and as subject to the landlord's lien to the extent of the premises held by them as a tenant is, and the same remedies are given against them by the statute.

2. ———: ———: JUSTICE'S COURT: ESTOPPEL. Estoppel is a defense peculiar to equity jurisdiction, and this justices of the peace do not exercise; and in an action by the landlord against a vendee of a subtenant for converting crop grown on the demised premises, he can not show that the landlord was estopped by conduct *in pais* to collect the rent of the tenant.

3. ———: ———: CONVERSION: DEFENSE. In an action by a landlord against the tenant's vendee for conversion of the crop grown on the demised premises, the fact that the corn as it stood in the field was not worth the gathering is no bar to the action; but, if the crop was of no value, there should be no recovery.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*T. W. Silvers* for appellant.

(1) We contend that if Phillips authorized the subletting for $40 and consented that Epperson should give his note to Feely for the rent and told Feely to collect it, that he would look to him and not to Epperson for the rent; that if Epperson did pay his rent note, as thus agreed, that Phillips should be estopped from collecting rent from the Epperson crop. Slight acts will show waiver of a lien. *Garnhart v. Finney*, 40 Mo. 449; *Griffith v. Gilum*, 31 Mo. App. 33; *Goeing v. Outhouse*, 95 Ill. 346; *Finney v. Wells*, 10 Conn. 103; *Perlis v. Sanborn*, 52 Pa. St. 368; *Chandler v. Belden*, 18 Johns. N. Y. 157.   (2) The evidence of plaintiff tended to show that he had sued Burrows for $72.75; that Burrows only got from one hundred to one hundred and fifteen bushels of corn—husks, cobs and all—and that it was not worth over ten to fifteen cents a bushel. The evidence of Burrows and Feely tended to show that the "stuff" he got was worthless in the field. Whether true or false, this evidence was sufficient to base the instruction on, which merely told the jury that if what Burrows got was worthless as it stood in the field, then they should find for the defendant.

*Guthrie & Williams* for respondent.

The court properly excluded evidence that Epperson had paid his rent to Feely. In the *first* place, were the principle of estoppel applicable to these facts, it could not be urged in this case, which originated before a justice of the peace. *Hicks v. Martin*, 25 Mo. App. 359. In the *second* place, it is not contended that Epperson was a party to such an agreement, or had any knowledge of it, or was in any way misled by Phillips; how, therefore, can plaintiff be estopped as

against Epperson. In the *third* place, we insist that if Epperson paid his rent to Feely, he did so at his peril, and took the risk of having a lien enforced against his crop, notwithstanding such payment. The lien extended to all the crops grown on the demised premises, and the crop of the subtenant, Epperson, was as much the subject of plaintiff's lien as was the crop of the first tenant, Feely. Revised Statutes of Missouri, 1889, secs. 6376, 6384; *Hulett v. Stockwell*, 27 Mo. App. 328. (2) There is nothing to show a waiver of his lien by plaintiff, and the authorities cited by appellant to sustain such a contention are not applicable here. The fact that plaintiff looked to Feely for payment, in the first instance, will not defeat his lien on the crop. *Weis Ridge v. Loan and Trust Co.*, 56 Mo. App. 155. (3) Defendant's instruction number 3 was properly refused. Plaintiff was, at least, entitled to nominal damages. "Every injury imports a damage though it does not cost the party one farthing." *Quinn v. Moore*, 15 N. Y. 432; *Smith v. Whiting*, 100 Mass. 122; *Munroe v. Sticking*, 48 Me. 462; *Champion v. Vincent*, 20 Texas, 111; *Cowley v. Davidson*, 10 Minn. 392.

SMITH, P. J.—This action originated before a justice of the peace. The case is about this:

The plaintiff rented his farm to one Feely, for the annual cash rent of $140. Feely, with consent of the plaintiff, sublet part of the farm to Epperson. It appears that when plaintiff gave his consent to the subletting of part of the farm to Epperson, he told Feely that he would look to him for the rent.

Defendant bought of Epperson and hauled away about one hundred and fifteen bushels of corn, knowing that it had been grown on the demised premises.

Feely failed to pay the rent and thereupon the plaintiff brought an attachment therefor, attaching all the crop grown on the farm, except the corn that had been hauled away by the defendant. The attached crop, when sold under the attachment, lacked $72.50 of bringing enough to pay the rent. The plaintiff then brought this action against the defendant to recover the value of the corn so hauled away by him.

In the circuit court, where the cause was removed by appeal, the plaintiff had judgment, from which defendant has appealed.

The defendant complains of the action of the trial court in rejecting his offer to prove that Epperson, the subtenant, had paid to Feely the rent for that part of the farm sublet to him. It is contended by him that if the plaintiff consented to the subletting of part of the farm by Feely to Epperson and to look to Feely and not to Epperson for the rent, then the plaintiff is estopped to collect the rent of Epperson. This theory of his defense is repeated and emphasized in his first and second instructions, which were refused by the court.

*Hulett v. Stockwell*, 27 Mo. App. 328, was where the plaintiff had leased his farm to the defendant, for a term of years. The defendant sublet part of the demised premises to others, who raised a crop thereon. The defendant and his subtenants had each removed a part of the crop raised by them. The plaintiff sought to enforce his landlord's lien against all the crop grown on the premises. On this state of facts, it was ruled by this court that the subtenants were as much bound for the rent money and subject to the landlord's lien, to the extent of the premises held by them, as the tenant. And in *Hicks v. Martin*, 25 Mo. App. 359, it was declared that the only reasonable construction to be placed on section 3095, Revised Statutes, 1879,

which corresponds to section 6388, Revised Statutes, 1889, is that it was the design and purpose of the legislature to place the undertenant on the same footing with the assignee at common law. It is the rent due the first landlord that may be recovered from the undertenant, and it is by the same remedies given by the statute against the immediate tenant.

It is, therefore, made plain by the ruling just referred to, that the plaintiff had the same remedy against Epperson, the subtenant, by enforcing the landlord's lien against the crop grown on the demised premises, as he had against Feely, the tenant. Unquestionably, the crops raised by Epperson on the demised premises were subject to the landlord's lien in favor of plaintiff, for the rent, unless the plaintiff is estopped to claim such lien. But the defense of an estoppel *in pais* is not open to defendant. It is a defense peculiar to equity jurisdiction, which justices of the peace do not exercise. *Wills v. Stephens*, 24 Mo. App. 494; *Hicks v. Martin*, 25 Mo. App. 359; *Ridgley v. Stillwell*, 28 Mo. 400.

It must inevitably follow from what has been said that the trial court did not err in its action rejecting the defendant's offer to prove facts tending to establish the defense of an estoppel *in pais;* nor in refusing the defendant's first and second instructions submitting the case to the jury on that theory, since no such defense was available to the defendant, for the reasons which we have already stated.

The defendant further complains of the action of the court in refusing his third instruction, which declared that if the part of the crop which defendant got was worthless, as it stood in the field, the plaintiff could not recover. We do not think the court erred in refusing this instruction. The uncontradicted evidence showed that the defendant bought of Epperson

a part of the crop grown on the demised premises, upon which the rent had not been paid, and that he had knowledge of the fact that the crop so purchased was grown on the demised premises. This was a wrongful act, and even if the corn as it stood in the field, was, as testified by defendant's witness, of no value, still this fact, if found by the jury, would not authorize a verdict for the defendant. The law is that wherever a right is invaded, the law presumes damage. Was it not an infraction of the plaintiff's rights for the defendant to knowingly take away and deprive him of the security which the law afforded him for his rent? The corn may not have been worth gathering, and yet, if left standing on the stalk, it was of much value to the reversioner as winter forage for his stock. If the crop was of no value for any purpose, then there ought to have been no recovery; but it will not do to say that because the corn was not entirely merchantable, or was not worth gathering, the defendant had the lawful right to buy and remove it from the demised premises upon which he knew it had been grown in disregard of the plaintiff's rights as landlord.

The instruction given for the plaintiff was authorized by the statute, section 6384. The judgment is for the right party and must be affirmed. All concur.