Sandige v. Hill.

REBECCA SANDIGE, Appellant, v. GEORGE W. HILL, Respondent.

Kansas City Court of Appeals, March 22, 1897.

1. **Justices' Courts:** JURISDICTION: EQUITABLE: ESTOPPEL. A justice of the peace has no authority to exercise equitable jurisdiction; and as estoppel *in pais* is peculiar to equity jurisdiction, such defense can not be made in a justice's court.

2. **Trial Practice:** EVIDENCE: INSTRUCTIONS: ESTOPPEL. Where a plaintiff objects to the introduction of evidence tending to establish an estoppel *in pais*, but the court nevertheless admits such evidence and the plaintiff asked an instruction placing the burden of proof on the defendant to show such defense, the plaintiff on the appeal is not prevented from insisting upon the error in admitting the testimony.

3. ——: ——: ——. Where a party introduces evidence for a single purpose which is improper for other purposes, he should limit its application by an instruction to the purposes for which it is admissible.

4. **Landlord and Tenant:** LIEN ON CROP: NOTE FOR RENT: WAIVER. A secured note taken for rent may under certain circumstances raise rebuttable presumption of the waiver of the landlord's lien, but the evidence in this case is reviewed and it is *held*, it does not tend to show the plaintiff's intention to waive the lien.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Callison & DeVorss* and *Davis, Loomis & Davis* for appellant.

(1) The court committed error in admitting the cross-examination of plaintiff so as to show an estoppel *in pais*, when the same was not pleaded against the ob-

jections of plaintiff. *Hulett v. Stockwell*, 27 Mo. App.
335. (2) The court committed error in permitting the
defendant, DeAtley, over the objection of the plaintiff,
in testifying to any fact tending to show how and to whom
the rent was to be paid, it only tended to change the
terms of the written lease between plaintiff and Phipps,
and between Phipps and DeAtley. (3) Because the
court committed error in permitting any evidence to
prove any estoppel. *Hicks v. Martin*, 25 Mo. App. 359,
367, 368; *Hulett v. Stockwell*, 27 Mo. App. 335; *Phillips
v. Burrows*, 64 Mo. App. 351. (4) The court com-
mitted error in its finding of facts in finding for de-
fendant. (5) The court committed error in finding a
waiver in the absence of evidence clearly intending
to show such an intention. *Garst v. Good*, 50 Mo.
App. 149, 150; *Ridge v. Mercantile L. & T. Co.*, 56 Mo.
App. 155, 158; *Meunch v. Bank*, 11 Mo. App. 144,
145; *R. Browne*, 12 Banks Reg. 529; *Nelson v. Roys-
ton*, 36 Ark. 561; *Sullivan v. Ellison*, 20 S. C. 481;
*Rowlins v. Proctor*, 56 Iowa, 356. The court committed
error in finding that any payment was made to Mrs.
Sandige by the execution or delivery of the note from
DeAtley to Phipps, because it was simply in payment
of the amount of the rent named in the lease from
Phipps to DeAtley and the terms of the lease require
DeAtley to pay the amount named therein to Phipps,
and if DeAtley's crop and property were not protected
from the claims of Mrs. Sandige for rent in the lease
of Phipps, then it was the fault and negligence of De-
Atley, and not of Mrs. Sandige, and she is not to suffer
by the default of DeAtley. *Montgomery Co. v. Auch-
ley*, 103 Mo. 492–503; *Shotwell v. Munroe*, 42 Mo. App.
669; *State ex rel. v. Wagers*, 47 Mo. App. 438; *Riggs
v. Goodrich*, 74 Mo. 112; *Wiles v. Robinson*, 80 Mo. 47;
*Appleton v. Kennon*, 19 Mo. 641.

*Alexander & Richardson* and *Hamilton & Dudley* for defendant.

(1) There is no question that as between individuals, payment of debt by note may be made, where there is agreement to that effect. The plaintiff, R. M. Sandige, accepts the note with the securities on it as payment of DeAtley's part of the rent. *Montgomery Co. v. Auchley*, 103 Mo. 502; *Howard v. Jones*, 33 Mo. 583; *Callaway v. Johnson*, 51 Mo. 32; *Leabo v. Goode*, 67 Mo. 127. (2) Although it might have been error in the trial court admitting evidence as to estoppel on part of defendant, yet, as plaintiff submitted the issues on this theory in their instructions, they can not be heard to complain in this court. *Davis v. Brown*, 67 Mo. 313; *Hardwick v. Cox*, 50 Mo. App. 509; *Harding v. Manard*, 55 Mo. App. 364; *Bowlin v. Creel*, 63 Mo. App. 229; *Hanks v. Railroad*, 60 Mo. App. 274. (3) It hardly lies in the mouth of plaintiff to object here to technical error growing out of the form of the action, which they waived in the trial by adopting the error. *Davis v. Brown*, 67 Mo. 313. (4) In the trial of an action at law before the court sitting as a jury, the declarations of law requested of the court should be framed in like manner as on a trial by jury. *Grocer Co. v. Shackelford*, 65 Mo. App. 364. (5) Where there is a trial before the court without instructions, the appellate court should uphold the judgment if it can be done on any theory of law. *Guinotte v. Egelhoff*, 64 Mo. App. 356; *Warder-Bushnell-Glesser Co. v. Allen*, 63 Mo. 722. (6) Taking note, with security, for rent, presumptively waiver of lien. *Garst v. Goode*, 50 Mo. App. 149.

SMITH, P. J.—This is an action which was commenced by the plaintiff against the defendant

before a justice of the peace to recover the sum of $260 alleged to have been due for the rent of certain farm lands. It appears from the undisputed evidence that the plaintiff rented her farm to one Phipps and that he subsequently sublet a part thereof to DeAtley. It further appears that DeAtley raised a crop of corn on the land which he sold to the defendant. It was admitted at the trial that the defendant knew the corn was grown on the demised premises at the time he purchased the same; and that the defendant at the time of the trial had not paid the purchase price, $179.20, therefor but still had the same in his hands.

STATEMENT.

During the progress of the trial in the circuit court the defendant, as a defense to the action, offered evidence tending to establish an estoppel *in pais*, and to the introduction of which the plaintiff objected on the ground that there was no estoppel *in pais* pleaded and because, further, justices' courts have no jurisdiction of such defense, it being an equitable one, etc. These objections were by the court overruled and to which ruling the plaintiff duly excepted. It is conceded by the defendant in the brief of his counsel that this action of the court was erroneous.

It is needless to say that it is well established in this state, both by statute and the adjudicated cases, that a justice of the peace has no authority to exercise equitable jurisdiction. R. S. 1889, sec. 6124; *Phillips v. Burrows*, 64 Mo. App. 351; *Iron Co. v. McDonald*, 61 Mo. App. 559; *Enlow v. Newland*, 22 Mo. App. 581; *Willis v. Stephens*, 24 Mo. App. 494; *Hicks v. Martin*, 25 Mo. App. 359. And that the defense of the estoppel *in pais* is peculiar to equity jurisdiction. *Phillips v. Burrows, supra.*

JUSTICES' courts: jurisdiction: equitable: estoppel.

But the defendant contends that even if the admission of evidence in his behalf as to the unpleaded estoppel *in pais* was in the first instance erroneous, yet, as the plaintiff subsequently requested and was given an instruction submitting the case on that theory she can not now be heard to complain. The instruction in question was to the effect that the burden rested on defendant to establish such facts as constituted an estoppel and that unless the same had been established by a preponderance of the evidence the finding should be for the plaintiff. None of the cases cited by defendant in his brief, nor indeed does any case which we have seen, countenance defendant's contention. The only case which seemingly does so is that of *Rimel v. Hays*, 32 Mo. App. 177. It is there said by Judge HALL, speaking for the court, that whatever error was committed by the court in overruling certain objections made by the defendant to evidence offered by plaintiff was cured by instructions given at the former's instance. An examination of the abstract of the record in that case, on file with the clerk of this court, disclosed that the defendant was given an instruction which limited the effect of the objectionable evidence to the purpose for which it was alone admissible, and that was the curative act to which Judge HALL referred, and so that case is not really in point here.

The defendant's further contention is that the obnoxious evidence was admissible for the purpose of proving payment and waiver of the lien, but it is a sufficient answer to this to say that if the defendant had desired to obviate the plaintiff's objection he could, as in *Rimel v. Hays*, *supra*, have done so by requesting an instruction limiting the effect of such evidence to the purposes for which it was admissible. Where evidence

*[margin note: TRIAL practice: evidence: instructions: estoppel.]*

is erroneously admitted in favor of one party against the objections of the other and it is not subsequently withdrawn or limited in effect by an instruction, such an error is not cured by the action of the court in giving an instruction at the instance of the objecting party in the whole case or any branch thereof made by such evidence. The latter does not, in our opinion, thereby abandon his objections to the evidence, nor ratify the error of the court, nor assume a position inconsistent with that taken by him in the first instance. It certainly can not be that where a trial court erroneously permits a party to introduce evidence over the objections of the other in support of an unpleaded defense, or one of which the court has no jurisdiction, that the latter will be held to have adopted the error of the court if he, by an instruction, request it to declare that unless the former has established such defense by a preponderance of the evidence, the finding should be for the latter. We therefore think the action of the court in admitting the evidence already adverted to is fatal to the judgment and that the error was not cured by the giving of the plaintiff's said instruction.

We are by no means favorably impressed with the righteousness of the judgment. It is true that in *Garst v. Goode*, 50 Mo. App. 149, we in effect held that the principle of waiver of a vendor's lien by acceptance of personal security is applicable to the lien of a landlord for rent, and that therefore the taking by the landlord of personal security for the rent received raises a rebuttable presumption of the waiver of the lien therefor. The evidence tending to prove that the plaintiff accepted the note of DeAtley with sureties thereon for the rent is neither clear nor convincing. The note was not made payable to plaintiff but to

LANDLORD and tenants: lien on crop: note for rent: waiver.

Phipps. The lease from Phipps to DeAtley recites that the latter had made his note to the former for $275, the rent thereafter to become due. What became of this note we are unadvised. There is no pretense that any note payable to plaintiff was offered her. DeAtley testified that he executed a note payable to Phipps with sureties thereon for the rent and that he told plaintiff that it was so drawn and that she said it was a good bankable note and to deliver it to Phipps, as he was doing her business. This is all most positively denied by the testimony of the plaintiff.

It further appears from the testimony of Phipps himself that just as soon as he got his hands on the note he, instead of delivering it to plaintiff, pledged it to his brother to secure the payment of his individual indebtedness. A more barefaced and glaring fraud than this it seems to us has rarely been confessed in a court of justice. The testimony of the witnesses Phipps, DeAtley, Mills, and Gillelan, who each as tenants cultivated separate parts of plaintiff's farm, does not favorably impress us with either their truthfulness or integrity. It does not appear from the plaintiff's testimony that she is a woman of more than the average intelligence. It may be well doubted that when she agreed to accept a note for the rent that she knew she had a lien on the crop of the subtenants, and that therefore it may be safely inferred that she never intended by the acceptance of the note to waive something she did not know she had. The facts and circumstances disclosed by the evidence do not in the least tend to show that it was plaintiff's intention to waive her landlord's lien.

It may be that but for the errors already noticed the finding of the trial judge would be conclusive on us, but however this may be, it is manifest from what

has been said that the judgment ought to be reversed
and the cause remanded for further trial, which is
ordered accordingly.    All concur.