FRANK P. MORRIS, Respondent, v. W. E. McMAHAN, Appellant.

### Kansas City Court of Appeals, May 16, 1898.

1. **Chattel Mortgages:** ESTOPPEL: REPRESENTATION AS TO THE FUTURE: EVIDENCE. A representation to form the grounds of an action or defense, where one has been induced to act by reason thereof, must be of some fact then or theretofore in existence and not a mere promise as to future conduct or intentions; and the fact that at the time a mortgagor made a mortgage one who became a subsequent mortgagee said to the prior mortgagee that the mortgagor would not make a subsequent mortgage, is not evidence in an action for priority by the prior mortgagee against a subsequent mortgagee who recorded his mortgage first.

2. **Justices' Courts:** ESTOPPEL: JURISDICTION. Estoppel *in pais* is peculiar to equitable jurisdiction, and a justice of the peace under the statute has no equitable jurisdiction.

3. **Estoppel:** INSTRUCTIONS. Instructions relating to the issue in this case are reviewed.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

PENDLETON BROTHERS for appellant.

(1) An unrecorded chattel mortgage is void as to all but the parties thereto. R. S. 1889, sec. 5176; Rawlings v. Bean, 80 Mo. 614; Bryson v. Phenix, 18 Mo. 13; Bevans v. Bolton, 31 Mo. 437; State ex rel. v. Sitlington, 51 Mo. App. 252; Hughes v. Menefee, 29 Mo. App. 192. (2) Evidence as to the statement made by defendant to plaintiff, with reference to the recording of plaintiff's mortgage, was incompetent, for the reason that it tended to prove a statement

Morris v. McMahan.

relating .to the future, and not to a matter of fact—a present or past state of things—and would not, therefore, estop defendant from claiming under his mortgage as against the plaintiff's. 2 Herman on Estoppel, p. 902, sec. 778. (3) Even could such statement, under any circumstances, estop defendant, it would operate as an equitable estoppel. 2 Herman on Estoppel, p. 883, sec. 759; Bank v. Frame, 112 Mo. 502. And this action having originated in a justice's court, the evidence was incompetent on the trial in the circuit court. The justice had no jurisdiction to entertain evidence in the nature of an equitable estoppel and the circuit court acquired none on appeal. Hicks v. Martin, 25 Mo. App. 359; Orr v. McCurdy, 34 Mo. App. 418. (4) For the same reasons, the court erred in giving instructions on behalf of plaintiff, and in refusing the instruction asked by defendant. Paddock v. Somes, 102 Mo. 226; Gorham v. R'y, 113 Mo. 408; Cross v. R'y, 56 Mo. App. 664; Hess v. Clark, 11 Mo. App. 492.

C. D. Corum for respondent.

(1) ·The defendant did not act in good faith in inducing the plaintiff to withhold his mortgage from record and in obtaining a second mortgage on the same property, knowing that the debt secured by the first mortgage was still unpaid. A wrongdoer can not invoke the provisions of Revised Statutes 1889, section 5176. State ex rel. v. Sitlington, 51 Mo. App. loc. cit. 259; Bank v. Crandall, 87 Mo. 208; Johnson v. Jeffries, 30 Mo. 423. (2) The case is one of fraud, and not of equitable estoppel. Where one produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage over him, this constitutes positive or actual fraud.

Bank v. Crandall, 87 Mo. 208; 1 Story, Eq. Jur., sec. 192. (3) The defendant took his mortgage knowing and believing that he was obtaining a second mortgage. He took subject to the plaintiff's mortgage and in recognition thereof, and not in antagonism thereto. He should not be permitted now to disavow the validity of plaintiff's mortgage. Mead v. Maberry, 62 Mo. App. 557. (4) The judgment in this case is manifestly for the right party. R. S. 1889, sec. 2303; McGuire v. Nugent, 103 Mo. loc. cit. 172; Cartwright v. Culver, 74 Mo. loc. cit. 183. (5) Instructions should be read and construed together, and, when so considered, if they are sufficiently favorable to appellant, he can not complain. Distilling Co. v. Creath, 45 Mo. App. 169; Dickson v. R. R., 104 Mo. 491; Deweese v. Mining Co., 54 Mo. App. 476.

SMITH, P. J.—This is an action of replevin, commenced before a justice of the peace, to recover the possession of specific personal property. STATEMENT. Plaintiff and defendant each claim under a mortgage executed to them respectively by W. H. McMahan, the father of defendant. The plaintiff's mortgage was executed prior to that of the defendant but was not placed on the record until after that of the latter. Both mortgages were given to secure *bona fide* indebtedness.

At the trial the plaintiff testified that at the time the plaintiff's mortgage was executed he said to defendant: "Will, you pay for writing this up; I'll have to pay for having it recorded," and that to this the defendant replied: "H—l, Frank, you know nobody ain't going to give anybody else a mortgage on this property and there is no use in recording it;" he, defendant, "just remarked that there was no use in having it recorded," and "that the old man wouldn't give

anybody else a deed of trust on it." The defendant complains of the action of the court in admitting the foregoing testimony over his objections. The assurance of the defendant, to which plaintiff testified, related to the future conduct of the former's father.

The law is quite well settled that a representation, promise or assurance to form the ground of an action or defense, where one has been induced to act by reason thereof, should be of some fact then existing, or which had previously existed, and not merely a promise as to future conduct or intentions. Many of the authorities in support of this statement will be found cited in Bullock v. Wooldridge, 42 Mo. App. 356. In Herman on Estoppel, section 778, it is stated: "If the representation relate to something to be afterward brought into existence it will amount only to a declaration of intention, or of opinion, liable to modification or abandonment upon a change of circumstances of which neither party can have any certain knowledge. The only case in which representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right and is made to influence others, and by which they have been induced to act." In Cooley on Torts, section 474, it is stated: "Actual or positive fraud consists in deception practiced in order to induce another to part with property or surrender some legal right and which accomplishes the thing designed. The deception must relate to facts *then existing* or *which had previously existed* and which are material to the dealings between the parties on which the deception was employed."

*Margin note:* CHATTEL mortgages: estoppel: representation as to the future: evidence.

If the defendant's father, after the said assurance had been given, executed a second mortgage to the defendant, this did not form the ground of an action or

defense, even though the plaintiff was thereby induced not to record his first mortgage, since such assurance was not as to an *existing fact* but a *mere promise as to future conduct and intentions*. Defendant's misrepresentation being no more than a mere promise as to the future conduct of his father, were not such as would justify the plaintiff in neglecting to record his mortgage.

There is no pretense that the defendant's mortgage is fraudulent and void, but it is insisted though it was recorded before that of the plaintiff that the lien thereof was postponed to that of the latter, because had it not been for the misrepresentation of the defendant it would have been first recorded; or, in other words, that the defendant, in the face of the assurance given by him and on which the plaintiff was induced to rely, ought to be estopped as against the latter to claim priority under his mortgage.

The ground upon which an *estoppel in pais* proceeds is fraud, actual or constructive, on the part of the person sought to be estopped. Herman on Estoppel, sec. 944. But the difficulty here is that though there was misrepresentation the same did not, for the reasons already stated, constitute a fraud. Statements looking to the future and not coming to a contract are not within the cognizance of the law. Even equity will not relieve in such cases. Bigelow on Fraud, 476. It follows from what has been said that the plaintiff's said testimony did not tend to establish fraud and therefore there was no ground upon which to base an estoppel. But even if the evidence had been admissible to establish an *estoppel in pais* it could not have been admitted.

The defense of *estoppel in pais* is peculiar to equity jurisdiction. Under our statute, section 6124, Revised

Morris v. McMahan.

Statutes, justices of the peace have no authority to exercise equitable jurisdiction. Sandige v. Hill, 70 Mo. App. 71; Phillips v. Burrows, 64 Mo. App. 351; Iron Co. v. McDonald, 61 Mo. App. 559. It seems to us clear that the plaintiff's testimony was inadmissible and should have been excluded.

*Justices' courts: estoppel: jurisdiction.*

The plaintiff's instructions proceed upon the theory that if the defendant represented to plaintiff that it would be unnecessary for him to record his mortgage and that he so stated to plaintiff for the purpose of defrauding, and with the intent to deceive him, and that plaintiff relied on such representation and was induced thereby not to record his mortgage, that the issues should be found for the plaintiff. In view of what has been said in respect to the plaintiff's testimony relating to defendant's representations, these instructions were improper. There was no evidence showing, or tending to show, that the defendant made any representations to plaintiff touching the latter's mortgage, that would authorize the giving of these instructions. The representations were merely promissory and related to no existing or pre-existing fact and for that reason, as has already been stated, formed no ground of an action or defense at law.

*Estoppel: instructions.*

The plaintiff's instructions in the abstract were correct but in the concrete incorrect. That of the defendant to the effect: "Although the defendant suggested to plaintiff that it was not necessary to record plaintiff's mortgage, and stated to plaintiff that he, plaintiff, knew that the mortgagor would not give another mortgage on the property mortgaged to plaintiff, and that the plaintiff being influenced thereby, acted upon said suggestion and withheld his mortgage from record, such facts do not estop the defendant

from claiming and holding the property under his subsequently executed, but previously recorded mortgage,'' should have been given without qualification.

It results that the judgment must be reversed and cause remanded. All concur.