W. J. KELCHNER, Respondent, v. E. E. MORRIS, Appellant.

Kansas City Court of Appeals, May 16, 1898.

1. **Ratification**: FORGERY: AGENCY: INSTRUCTION. There can be no ratification of a forgery in the execution of a note since there is no agency and an instruction submitting the question of ratification is erroneous.

2. **Justices' Courts:** ESTOPPEL. If defendant's conduct admitted the genuineness of the note and induced plaintiff to part with money he would be estopped to set up a forgery, but such estoppel is equitable in its character and a justice of the peace has no jurisdiction thereof.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Special Judge.

REVERSED AND REMANDED.

RALPH E. SCOFIELD for appellant.

(1) "The court erred in holding that the defendant was estopped from setting up his defense in this case, this case having originated in the justice court." Ridgley v. Stillwell, 28 Mo. 403; Willis v. Stevens, 24 Mo. App. 503; Hicks v. Martin, 25 Mo. App. 367. (2) There could be no ratification of the note sued upon in this case. Ferry v. Taylor, 33 Mo. 334; Shisler v. Van-Dike, 92 Pa. St. 447; McHugh v. Schuylkill, 67 Pa. St. 391; Workman v. Right, 33 Ohio St. 405; Hammerslaugh v. Cheatham, 84 Mo. 22.

HARRY L. STROHM and W. G. MARSHALL for respondent.

(1) Appellant attempts a legal justification of his act because respondent's suit, having originated before a justice of the peace, no matter of fact could amount to an estoppel *in pais.* To maintain this sophistry, appellant cites Ridgley v. Stillwell, 28 Mo. 403; Willis v. Stephens, 24 Mo. App. 503; Hicks v. Martin, 25 Mo. App. 367. These decisions, we maintain, are not in point, but see Dickerson v. Colgrove, 100 U. S. 580; Co. Litl., secs. 356, 667. The doctrine of equitable estoppel is legally available in an action at law as in equity. Tracy v. Roberts, 88 Me. 310; Sweeney v.

Elevator Co., 14 Wash. 562; Hammit v. Barnum, 30 Mo. App. 289; McNichols v. Wise, 62 Mo. App. 443; Hammond v. Abbott, 166 Mass. 517; Bank v. Arkansas City, 40 U. S. App. 259; Shisler v. VanDike, 92 Pa. St. 447; McHugh v. Schuylkill, 67 Pa. St. 391; Workman v. Right, 33 Ohio St. 405. (2) Declaration of law numbered two, asked by the appellant was properly refused. In no event is a party to a civil action required to prove anything positively. The proof need only be sufficient to satisfy the triers of fact.

SMITH, P. J.—This suit was commenced before a justice of the peace on a promissory note for $150 made by defendant to Van Prather, and by him for value assigned to, plaintiff. The defendant on his oath denied the execution of the note. There was a trial in the circuit court where the cause had been removed by appeal in which plaintiff had judgment and the defendant appealed. It is in effect conceded that the evidence adduced by the plaintiff was sufficient to establish his *prima facie* right of recovery. The defendant testified that the note was a forgery. That his name has been signed thereto by his uncle who had not the semblance of authority to do so; that the money obtained thereon from Prather, the payee, was for his own individual use and not for the benefit of the defendant.

The plaintiff testified that before he purchased the note of Prather that he took it for the purpose of investigating its worth and informed the defendant over the telephone of the fact that it was in his hands and requested him to call and see him in relation thereto; that defendant accordingly called on plaintiff and paid him $1 thereon and promised to pay the balance in monthly instalments of $25; that the defendant at the interview just referred to did not ask

to see the note nor did he intimate that it had not been executed by him. Plaintiff further testified that after this interview he completed the purchase of the note by exchanging certain real estate therefor. The case was tried before the court without the aid of a jury. The plaintiff requested no declarations of law. The defendant requested the following:

"1. The court declares the law to be that the burden of proof in this case is on the plaintiff.

"2. The court declares the law to be that unless the note sued on was executed by defendant and the execution thereof be positively proven by the evidence then the court must find for the defendant.

"3. The court declares the law to be that no subsequent promise to pay the note sued on would amount to a ratification in law of said note if said note was executed by some other person than defendant and without defendant's authority."

The court gave the first and third as asked and gave the second in the following modified form: "2. The court declares the law to be that unless the note sued on was executed by defendant and the execution thereof be positively proven *or its execution ratified before its purchase by plaintiff* by the evidence, then the court must find for the defendant." The defendant complains of the action of the court in modifying his second instruction. He insists that there could be no ratification of the note sued on.

It is stated in Mechem on Agency, section 116: "Whether a forgery is capable of ratification is a question upon which there is a conflict of authority. He further states: "So far as the right of the state to pursue and punish the forger as a criminal is involved it is certain that a subsequent ratification by the individual sought to be charged will be unavailing. Any undertaking to

RATIFICATION:
forgery: agency:
instruction.

suppress the crime would, as has been seen, be contrary to public policy and void. But viewed in its other aspect as a mere unauthorized writing no satisfactory reason is perceived why it may not be ratified like any other unauthorized act." This conclusion of the author is amply sustained by the well reasoned case of Bank v. Crafts, 4 Allen (Mass.), 447.

The defendant cites and relies upon the ruling made in Ferry v. Taylor, 33 Mo. 323, as upholding his contention. It appears from the statement of this case that one Norris forged the name of defendant to the promissory note sued on which was payable to plaintiff. In the course of the opinion it was said by the judge who delivered the opinion of the court that the doctrine of ratification had no application in a case of that kind, for, when invoked, it presupposes the existence of an agency—that Norris was the agent of the defendant—that as such agent he committed in the name of his principal an unauthorized act which was subsequently ratified by the principal and by virtue of which ratification the act became the act of the principal. There was no evidence tending to prove that Norris was or ever had been the agent of the defendant for any purpose whatever. It was held that a finding by the jury for plaintiff on the theory that the note was a forgery and that the defendant ratified or adopted it to shield Norris from the consequences of his act would be erroneous. This ruling was, in effect, repeated in Hammerslaugh v. Cheatham, 84 Mo. 22.

In Workman v. Right, 33 Ohio St. 405, it was declared that, the principle of agency by which a principal may ratify the unauthorized act of his agent does not apply to the alleged ratification of a forged note; the act of the agent being voidable may be ratified, the act of the forger is void and can not be ratified. In McHugh v. County, 67 Pa. St. 391, the defense to

a bond was forgery.    The court below charged that if
the obligor subsequently approved and acquiesced in
the forgery or ratified it, the bond was binding on him.
It was held that there being no new consideration the
charge was erroneous; also that a contract infected
with fraud was void, not merely voidable, and confir-
mation without a new consideration was *nudum pactum*.
Shisler v. Van Dike, 92 Pa. St. 447, is in substance
that where the indorsement of a note is forged, such
indorsement can not be ratified by the person whose
name is forged as the act is criminal against public
policy.    This doctrine is recognized in Daniels on Nego-
tiable Instruments, section 1352.

It would therefore seem that there could be no
ratification or adoption by the defendant of the un-
authorized act of his uncle in signing his name to the
note sued on.    The instruction in question which
authorized the consideration of the case by the court
on that theory was erroneous.

A consideration of the case by the court on the
theory of an *estoppel in pais* was not requested, and
therefore no question arises as to whether or not the
case should have been considered on that
theory.    If as the plaintiff testified he JUSTICES' courts: estoppel.
purchased the note on the faith of the
admissions made by defendant to him, or if he changed
his status by reason thereof, such facts would consti-
tute an estoppel which would preclude the defendant
from his defense.    It is well established in this state,
both by statute and the adjudicated cases, that a justice
of the peace has no authority to exercise equitable
jurisdiction.    R. S., sec. 6124; Sandige v. Hill, 70
Mo. App. 71, and cases there cited.    The defense of
*estoppel in pais* is peculiar to equity jurisdiction.
Sandige v. Hill, *supra;* Phillips v. Barrows, 64 Mo.

Vol. 75 app—38

App. 351.   If therefore the plaintiff would invoke the application of the principle of an *estoppel in pais* to overthrow the defendant's defense he should bring his action in a court of general jurisdiction.   These suggestions are made only because counsel in their briefs have devoted so much space to the discussion of the question of whether justices of the peace have jurisdiction of the defense of *estoppel in pais;* or, in other words, whether an *estoppel in pais* is available in action before a justice of the peace.

It results that the judgment will be reversed and the cause remanded.   All concur.