L. PITMAN, Respondent, v. 16 TO 1 MINING COMPANY, Appellant.

**Kansas City Court of Appeals, February 6, 1899.**

**Justices' Courts**: JURISDICTION: ESTOPPEL IN PAIS. While justices of the peace do not have jurisdiction of any strictly equitable proceeding, yet estoppel *in pais* is a defense at law as well as in equity, and the fact that it may arise and become an issue in a proceeding before a justice will not defeat his jurisdiction. Prior cases overruled.

*Appeal from the Jasper Circuit Court.*—HON J. D. PERKINS, Judge.

AFFIRMED.

H. W. CURREY for appellant.

In cases appealed from justices' courts, the circuit court has no jurisdiction to determine matters resting in or growing out of equitable estoppel. Kelchner v. Morris, 75 Mo. App. 588; Hicks v. Martin, 25 Mo. App. 359; Enlow v. Newland, 22 Mo. App. 581; Hannah v. Baylor, 27 Mo. App. 302; Rankin v. Fairley, 29 Mo. App. 587; Iron Co. v. McDonald, 61 Mo. App. 559; Phillips v. Burrows, 64 Mo. App. 351; Sandige v. Hill, 70 Mo. App. 71; Seeser v. Southwick, 66 Mo. App. 667; McCann v. Sawyer, 59 Mo. App. 480; Moore v. Freeman, 50 Ohio St. 594; Reinhardt v. Kempf, 72 Mo. App. 646.

M. R. LIVELY and FRANK L. FORLOW for respondent.

The appellant contends that the justice had no jurisdiction, and, hence, the circuit court had none. The appellant cites a number of authorities to sustain this proposition,

but none that we find upon examination are applicable to the question involved here. It is provided that justices of the peace shall have original jurisdiction of all civil actions and proceedings for the recovery of money, whether such actions be founded upon contract or tort, etc., when the sum demanded does not exceed $250. R. S. 1889, sec. 6122; R. S. vised Statutes 1889, section 6124, provides in what cases justices shall not have jurisdiction. And we contend that, whether the proof showed that Bryant held himself out as a partner to Pitman or whether he was a partner in fact, in either event, and upon the finding of either fact, the justice was authorized and had jurisdiction to enter judgment against Bryant.

ELLISON, J.—This action is on an account for coal and was begun before a justice of the peace. On appeal to the circuit court plaintiff had judgment for $113.53. The defendants are sued as members of a partnership known as the 16 to 1 Mining Company. The only contest in the cause relates to the liability of defendant Bryant. He denies being a partner with his codefendants. The plaintiff sought to hold him on two theories: viz., that he was in fact a partner, and that he held himself out as a partner. These theories were submitted to the jury by both parties in instructions, which, when taken together, fully and correctly declare the law. There was ample evidence to sustain the court in giving the instructions.

There is, therefore, but one point presented which is necessary to dwell upon, and that relates to the jurisdiction of the justice. It is contended by defendant

*Justices' courts: jurisdiction: estoppel in pais.* that if he was not in fact a partner, but is to be held on the ground that he had held himself out as a partner, it will be on the principle of estoppel *in pais.* It is further contended that an estoppel *in pais* only arises in equity and is a matter of purely equitable cognizance, and that as justices of the peace

have no jurisdiction in equity, the circuit court could have none on appeal, and hence there was no warrant or authority, either in the justice's or the circuit court, to try the matter of estoppel. Defendant cites us to the following authorities, which do in terms sustain his position. Kelchner v. Morris, 75 Mo. App. 588; Sandige v. Hill, 70 Mo. App. 71; Phillips v. Burrows, 64 Mo. App. 351; Hicks v. Martin, 25 Mo. App. 359; Willis v. Stevens, 24 Mo. App. 503.

If those cases should be followed the judgment must necessarily be reversed. We are, however, of the opinion they should be overruled. The statute reads that a justice of the peace shall not have jurisdiction "of any strictly equitable proceedings." R. S. 1889, sec. 6124. But is estoppel *in pais* (or by conduct, as it is called) of a strictly equitable nature? Clearly it is not at this time. It had its origin in equity principles and it doubtless is most frequently termed an equitable estoppel. But it has become incorporated into the common law and applied in actions at law. It is said in Bigelow on Estoppel, 557, that it is as fully available at law as in equity. Judge Cooley, writing for the court in Bernard v. German Seminary, 49 Mich. 444, says that: "If complainants can make out such an estoppel, there is not the least question that it would constitute a complete and perfect defense to the suits at law. Estoppels *in pais* are called equitable estoppels, not because their recognition is peculiar to equity tribunals, but because they arise upon facts which render their application in the protection of rights equitable and just. Courts of equity recognize them in cases of equitable cognizance; but the courts of common law just as readily and freely." An estoppel *in pais* is as familiar and effectual in courts of law as in equity. Copper Mining Co. v. Ormsby, 47 Vt. 709; Tracy v. Roberts, 88 Me. 310. It is never necessary to go into a court of equity jurisdiction for the purpose of obtaining the benefit of an equitable estoppel when the case is *not*

*otherwise of equitable jurisdiction.* Bernard v. German Seminary, *supra.* To the same effect is Drexel v. Berney, 122 U. S. 253. "The common law has been enlarged and enriched by the principles and maxims of equity which are constantly applied at the present time, by a wise adaptation of ancient forms to the more liberal spirit of modern times." Herman on Estoppel, secs. 736, 742. Title to lands may be passed by estoppel *in pais* and the legal action of ejectment may be prosecuted or defended by estoppel in courts of law. Dickerson v. Colgrove, 100 U. S. 580, 584.

The instances in which estoppel by conduct is given effect in courts of law in strictly legal actions are innumerable. They are so frequent that they do not attract attention as being out of ordinary legal proceedings. The familiar maxims that, "no man shall take advantage of his own wrong;" that "where one or two innocent parties must suffer, he, through whose agency the loss occurred, must sustain it;" that "he who will not speak when he should, will not be heard to speak when he would," are (with numerous others) founded upon estoppel by conduct, and yet they find common and constant application in courts of law.

To deprive a justice of the peace of jurisdiction to determine cases in which estoppel by conduct is relied upon, would take from him a very great part of the cases he has been adjudicating since the organization of the state. It would be, perhaps, safe to say, that some one or more of the greatly varied phases of estoppel *in pais* arises in some stage of the trial of the majority of law cases.

If the case in which the estoppel is relied on is one of equity, then, of course, the estoppel can only be applied in equity, and could not be given effect in a justice of the peace court. Such were the cases of Enlow v. Newland, 22 Mo. App. 581; Rankin v. Fairley, 29 Mo. App. 587, and Seeser v. Southwick, 66 Mo. App. 667. And such was the character of the case discussed in Ridgley v. Stillwell, 28 Mo. 400,

which is relied upon in Willis v. Stevens, and Hicks v. Martin, *supra*, without taking note of the distinction between the two classes of cases, or giving effect to the rule which undoubtedly exists.

Since then estoppel *in pais* may be applied in a case at law as readily as in a case in equity, it follows that the question whether a justice has jurisdiction is not settled by the fact that the estoppel is raised and becomes an issue, but is determined by the character of the case apart from the estoppel.

The result of the foregoing is that we affirm the judgment. All concur.