GEORGE M. ROSSIER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 1, 1907.

1. EVIDENCE: Personal Injury: Expert: Present Condition. A question and answer of an expert witness in regard to the permanency of a personal injury is approved since an expert may testify as to the condition of an injury however brought about, and his opinion is admissible when not a mere conclusion.

2. ———: ———: Practice, Trial: Instruction. Where evidence is admissible only for a single purpose it is the duty of the party desiring it limited to that purpose to request an instruction to that effect.

3. PERSONAL INJURY: Aggravation: Treatment: Negligence. The fact that a personal injury may have been aggravated by subsequent treatment does not relieve the inflictor from responsibility for the aggravation unless the treatment was negligence.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*John H. Lucas, Chas. A. Loomis* and *Ben F. White* for appellant.

(1)    The court erred in admitting the testimony of Dr. Forster in regard to the permanent injuries of plaintiff.    The question was objectionable in form in that it called for the opinion of the witness upon a state of fact not disclosed by the evidence; and also because it passes upon a question to be submitted to the jury.    Turner v. Haar, 114 Mo. 345; Senn v. Railway Co., 108 Mo. 143; Russ v. Railroad, 112 Mo. 45; Smart v. K. C., 91 Mo. App. 586; Mammerberg v. Railroad, 62 Mo. App. 563; Riley v. Sparks Bros., 52 Mo. App. 572.    (2)    The court erred in not instructing the jury that certain testimony of the plaintiff was admitted for a single purpose only. Peabody v. Warner, 16 Mo. App. 556; Schlicker v. Gordon, 19 Mo. App. 479; Sandige v. Hill, 70 Mo. App. 71. (3)    The court erred in refusing to give defendant's instruction numbered 11, as requested by plaintiff. 1 Thompson on Negligence, secs. 65, 201, 251; Goshen v. England (Indiana), 5 L. R. A. 253.

*Boyle, Guthrie & Smith* for respondent.

(1)    The purpose of the question was to ascertain the doctor's opinion as to the permanency of the injury. (2)    The admission of evidence which was competent for any purpose is not error; and where one claims that the evidence was competent only for a special purpose he should ask an instruction to that effect.    Barbour v. McKee, 7 Mo. App. 587; Garesche v. College, 76 Mo. 335; Dysart v. Forsythe, 84 Mo. App. 196; Milling Co. v. Transit Co., 122 Mo. 258; Wright v. Gillespie, 43 Mo. App. 253; School Dist. v. Sheidley, 138 Mo. 691.    (3) The law on this question is well settled.    In some cases where, but for the results to be anticipated, the act complained of would be innocent, the alleged wrongdoer is only responsible for these results of the otherwise innocent acts which were anticipated, because the

act, otherwise innocent in itself, was only wrongful because of the results to be anticipated. But where the act is negligent in and of itself, the negligent-wrongdoer is responsible for all damages which directly flow from it, however unexpected, provided they do flow from it in a direct chain of causal connection. 142 Mo. 388; 195 Mo. 629.

BROADDUS, P. J.—This is a suit for personal injury alleged to have been the result of defendant's negligence. The only evidence in the case was introduced by the plaintiff, from which it appears that plaintiff was injured on the fifteenth of November, 1904, while he was attempting to board one of defendant's cars at Twelfth street and Grand avenue in Kansas City, Missouri. There were four other persons in his company at the time of the accident, three of whom besides plaintiff testified in the case. The testimony of the witnesses goes to show that when plaintiff was in the act of getting on the car it started suddenly forward which had the effect of throwing the plaintiff to the ground causing his injury. The injury was apparently a slight one on the shin bone, but it finally resulted in blood-poisoning and for a while the life of the plaintiff was threatened. The defendant contends that in the event it is to be held liable, it should be for the original injury which appeared to be slight and ought not to be held liable for plaintiff's after condition, as it was brought on by his own carelessness in taking care of it. The specific claim of negligence is that plaintiff treated his wound at the beginning for several days with ammonia and by keeping it bandaged with a dirty cloth which was the cause for blood-poisoning. The evidence to sustain this contention was slight. It is true plaintiff treated his wound with ammonia, but he says that he bandaged it with a clean linen handkerchief. Shortly afterwards he used an ointment prescribed by a doctor and continued to use

his handkerchief as a bandage. On cross-examination he stated that he put the ointment on twice a day. He was then asked: "You used the same cloth? A. Yes, used the same cloth. Q. And washed it each time? A. No, sir, I kept turning it. Q. Kept on using it? A. I used it today and tomorrow maybe, then I turned it and washed it again. Q. You used the same cloth quite a while did you? A. Yes. Q. How long? A. Well, now, I don't know. I could't tell whether I changed — it seems to me that I got a cloth and put around it." Dr. Block, an expert witness, testified that the treatment described would likely produce blood-poisoning.

The defendant contends that the court committed error in allowing Dr. Forster to answer the following question: "Now, assume that that scar was the result of a sudden blow of some kind, such as a man might ordinarily get or might receive in being suddenly thrown or falling, or as to produce a wound such as would produce that scar, and that that occurred about a year before your examination, and considering Mr. Rosier's age and general physical condition which you found and have described, will it be permanent or will it pass away — have you a judgment?" The witness answered that: "The very fact that it had arrived at this state at so remote a period from the time of the injury — so long afterwards — and that it hasn't got well — I think it is an inevitable result that it will not get well — that it is a permanent injury."

Dr. Forster had previously testified that he had examined plaintiff's wound which was about a year after it had been inflicted and testified: "The left leg was injured — there was quite a long scar on the front of the left leg at about the middle third, and there was inability to flex the foot and toes. And it seemed to be very painful in trying to move it. It was colder than the other foot and leg, showing a lack of free circulation and there was an inch difference in the size of the two

calves of the legs. It had shrunk some, from insufficient circulation." And, "He isn't able to move either the ankle or toes as a man would ordinarily do in walking, in motions of the body or limb." After being asked other questions of a similar kind he was asked the question objected to.

One of the objections to the question was, that it was not predicated on all the facts in proof. The question did not contemplate taking into consideration the manner in which the injury was inflicted, nor its treatment, but was directed to one fact alone, viz.: the condition of the plaintiff's leg when the doctor saw and examined it. He had already described the condition of plaintiff's leg and the object of the question was to know whether in his opinion the injury would be permanent. But the chief objection is that the question was improper for the reason that it assumed that the scar referred to by the witness was made by the injury inflicted by defendant, when as a matter of fact it was mostly made by the doctors when they operated on plaintiff's leg after he was affected by blood-poisoning. In the first place, neither the question nor the answer assumes that the injury or any part of it was inflicted by defendant, but, as said before, it refers to a condition however brought about. And neither does the answer amount to a conclusion, but is merely the expression of an opinion.

Plaintiff was asked, "Now, in what way has your ability to follow any business been affected?" Defendant objected to the question, whereupon the court said, "The testimony will be admitted for the purpose of showing his condition, but for no other purpose." He answered, "Well, I haven't been able to transact any business since that time up till about a month ago. I didn't consider that my mind was capable of taking hold." The court struck out that part of his answer referring to what he considered. He was then asked;

"In what way has your mind and memory been affected: by this experience you have gone through?" He answered, "By ache and pain that is constantly with me." It is the contention of defendant that when testimony is admitted for a single purpose, and it would be incompetent for any other purpose, it is the duty of the trial court to instruct the jury to that effect. It is so held in Sandige v. Hill, 70 Mo. App. 71; Schlicker v. Gordon, 19 Mo. App. 479; Peabody v. Warner, 16 Mo. App. 556. But the Supreme Court held prior to the rendition of the opinion in Sandige v. Hill, *supra,* and subsequently to the other two cases cited with it, that it was the duty of the party who desired to limit the effect of such evidence to request an instruction for that purpose. [Garesche v. College, 76 Mo. 332.] And it is so held in Stanard Milling Co. v. Transit Co., 122 Mo. 258.

The court refused to give the following instruction asked by defendant which defendant claimed was error. "If the plaintiff used medicine or bandages upon the injury complained of and such treatment caused or produced blood-poisoning, then defendant is not liable for any injuries caused by such blood-poisoning, and you will not consider the same in making up your verdict." If the instruction contained a proper declaration of law it should have been given for the reason that no instruction given in its behalf was specifically directed to the facts of the case. [Murray v. St. Louis Transit Co., 176 Mo. l. c. 191.] But we are of the opinion that the instruction was objectionable because it did not state the law of the case. The plaintiff would not have been precluded from recovering on the ground that the manner in which he treated his injury produced blood-poisoning, if he was not guilty of negligence in doing so. The defendant quotes from Thompson's Commentaries on the Law of Negligence, viz.: "If, through the negligence of A, B suffers an injury without his own

fault, A is answerable for it, but he is not answerable for an aggravation of the injury produced by the subsequent negligence of B." 1 Thompson's Commentaries on Law of Negligence, sec. 65. And the law is similarly stated by the same author in secs. 201, 202 of the same volume. And also in Glasgow v. Railroad, 191 Mo. 347.

Finding no error whatever in the cause, it is affirmed. All concur.