LEE, Respondent, v. HOWE, Appellant.

1. Where there has been a part performance of a parol contract for the purchase of land, and the vendor puts it out of his power to specifically perform his contract by selling the land to a *bona fide* purchaser without notice, although there would be no remedy by action at law for damages inasmuch as the contract is by parol, equity will entertain jurisdiction of a bill for compensation.

*Appeal from Jefferson Circuit Court.*

The petition in this cause sets forth substantially that in the month of November or December, 1854, plaintiff purchased of one Jarvis a certain tract of land for $550; that he gave to said Jarvis three several promissory notes, payable in March, 1855, July, 1855, and January, 1856; that Jarvis executed and gave to plaintiff an agreement in writing whereby he agreed to convey said tract to plaintiff when the latter should pay said notes; that Jarvis put plaintiff in possession of said land, and that he, plaintiff, made lasting and valuable improvements upon the same; that three or four months after said purchase, the defendant Howe, with plaintiff's consent, purchased said notes of said Jarvis, and received from the latter a conveyance of said land, upon an agreement and understanding that he was to stand in the place of said Jarvis and convey the land to plaintiff upon the payment of said notes; that before the last instalment became due defendant agreed verbally to wait another year for the purchase money; that afterwards, about the month of January, 1856, the defendant requested plaintiff to give him said agreement between plaintiff and Jarvis, promising to give him another bond; that plaintiff, relying upon the good intentions of defendant gave the bond to him, but that defendant has failed and neglected to give plaintiff another bond; that defendant, on or about April 2, 1856, sold and conveyed said land to one Vose for the price and sum of $950. Plaintiff asks judgment for $400, being the excess of the proceeds of said sale over and above the purchase money due and owing by plaintiff to defendant.

The cause was tried by the court without a jury, and a judgment was rendered in behalf of plaintiff for the sum of $366.75.

*Frissell* and *Green*, for appellant.

I. A proper construction of the written contract shows a conditional sale. The contract was forfeited by a failure to

pay at the time stipulated. Equity will afford no relief. (2 Sto. Eq. 793, 376, 778, 1223, 781 ; 4 Kent, 147.) The contract being forfeited, Lee had no interest in the land, and could therefore have no interest in the money arising from the sale of it. The contract being forfeited, the vendor ceased to be a trustee of the land for the vendee. Time was material in the contract. There was no consideration for the agreement to postpone the payment for a longer time. (See 1 De Gex & Smale, 444 ; 1 Jac. & Walk. 419 ; 3 Madd. 441.)

*Noell*, for respondent.

I. The vendor was a trustee for the vendee as to the title to the land. The *cestui que* trust can appropriate to himself any profit which the trustee may make out of the land. Howe's retaining the notes shows clearly that there was no intention to cancel the agreement. Lee continued in possession by his agent long after Howe got hold of the agreement.

NAPTON, Judge, delivered the opinion of the court.

The sale of the land by the defendant to Vose, who appears to be a purchaser for a valuable consideration and without notice of any claim of the plaintiff, has put it entirely out of the plaintiff's power to go into a court of equity and ask for a specific performance.

As the title bond is executed by Jarvis and not by the defendant, the plaintiff can bring no action at law upon the bond for damages. There was however a parol agreement, as admitted in the answer and proved on the trial, between Jarvis, plaintiff and defendant, that the latter would convey to plaintiff upon the payment of the notes executed for the purchase money and assigned to defendant. This therefore seems to be a case in which the plaintiff may resort originally to a court of equity for compensation. (Denton v. Stewart, 1 Cond. Ch. 258 ; Phillips v. Thompson, 1 John. Ch. 149 ; Parkhurst v. Van Cortland, ib. 273.) The case of Denton v. Stewart is denied by Lord Cottenham to be law in Sains-

bury v. Jones, 5 Mylne & Craig, 1; but it is quoted with approbation by Chancellor Kent in the two cases cited above, and fully sustained by Judge Story in his Treatise on Equity. (2 Sto. Eq. § 798.) The principle is also fully maintained by the supreme court of Massachusetts in the more recent case of Andrews v. Brown, 3 Cush. 134. Judge Story says that courts of equity ought not to entertain bills for compensation except as incidental to other relief, but the party should be left to his remedy at law for damages. "But," he adds, "where no such remedy lies at law, there a peculiar ground for the interference of courts of equity seems to exist in order to prevent irreparable mischief, or to avoid a fraudulent advantage being taken of the injured party. Thus, where there has been a part performance of a parol contract for the purchase of lands, and the vendor has since sold the same to a *bona fide* purchaser, for a valuable consideration, without notice; in such a case, inasmuch as a decree for a specific performance would be ineffectual, and the breach of the contract, being by parol, would give no remedy at law for compensation or damages, there seems to be a just foundation for the exercise of equity jurisdiction." This case, thus hypothetically stated by Judge Story, is precisely the case now under consideration. The contract between plaintiff and defendant was a parol one, and the plaintiff could not maintain an action for damages on it at law, as the statute of frauds would prevent it. As he was in possession of the land, and had put valuable improvements on it, he could clearly enforce it in equity by a decree for a specific performance, if the defendant had not, by selling the land to a third person, put this remedy beyond his reach. The defendant must therefore be allowed to retain the profits of his speculation, which he made whilst occupying the position of a mere trustee for the plaintiff, unless the plaintiff is allowed his bill for compensation.

The title bond of Jarvis, which the defendant verbally agreed to assume, is in the ordinary form, and there is nothing in its terms to lead to an inference that payment on the

precise day specified in the notes was considered material. Had this, however, been the understanding of the parties, as is alleged in the answer, the testimony shows that payment on the day was waived by the defendant before the day when the last note fell due.

The possession of the title bond by the defendant with the plaintiff's assent would certainly go far to create an implication of an abandonment of the contract by the plaintiff, unaccompanied with any circumstances of a counteracting character. But there was evidence to show that the plaintiff had not abandoned the possession, but had a tenant on the land and had left an agent to superintend its management. Besides, the retention of the plaintiff's notes would seem to be a circumstance totally inconsistent with the idea that even the defendant considered and understood the trade to be cancelled; and this retention of the notes is also a strong circumstance to confirm the plaintiff's explanation of the manner in which and the reasons for which the title bond was delivered to the defendant. If the title bond had been given up with a view to cancel the bargain, why did the defendant retain the notes? How can such conduct be reconciled with the attempt to prove that the contract was abandoned and the bond given up? With the concurrence of the other judges, the judgment is affirmed.