WILLIAM ENLOW, Respondent, v. ISAAC NEWLAND, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. SPECIFIC PERFORMANCE—JURISDICTION CONCERNING.—The doctrine of specific performance of contracts fully performed on one side, when they are voidable under the statute of frauds, belongs peculiarly and exclusively to the equity branch of jurisprudence, and is universally administered *alone* by the courts of equity jurisdiction. The relief will not be given in a court of law.

2. ———— JUSTICES OF THE PEACE—HAVE NO EQUITY JURISDICTION— CASE ADJUDGED.—Justices of the peace have no such equity jurisdiction as that required to be exercised in this case. They are solely creatures of the statute and their jurisdiction is at law.

APPEAL from Schuyler Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed.*

The case and facts are stated in the opinion of the court.

HIGBEE & RALEY, for the appellant.

I. The contract was void at law, and the justice had no jurisdiction. Rev. Stat., sects. 2513, 2837 ; *Lee v. Howe,* 27 Mo. 521 ; *Gupton v. Gupton,* 47 Mo. 48 ; *Ridgely v. Stillwell,* 28 Mo. 400 ; *Gruenewald v. Schaales,* 17 Mo. App. 327 ; Bispham's Eq. (2 Ed.) sects. 383, 388.

II. Newland's taking possession will not avail Enlow, even in equity. *Luckett v. Williamson,* 37 Mo. 388 ; Bisp. Eq. (2 Ed.) sect. 385 ; *Suggett v. Cason,* 26 Mo. 221 ; *Self v. Cordell,* 45 Mo. 345 ; *Winters v. Cherry,* 78 Mo. 344.

III. Plaintiff's claim for rent is inconsistent with the theory of a sale and of the relation of vendor and vendee. It is a disaffirmance and precludes a recovery of the forty dollars claimed. *Coffman v. Huck,* 19 Mo. 435 ; *Kirkpatrick v. Downing,* 58 Mo. 32.

C. C. FOGLE, for the respondent.

I. Plaintiff had wholly performed his part of the contract. Hence, the contract was not within the statute of frauds. But part performance takes the case out of the statute of frauds. 3 Mo. 342 ; 30 Mo. 81 ; 25 Mo. 63 ; 28 Mo. 134, 604 ; 29 Mo. 171 ; 45 Mo. 345 ; 30 Mo. 500 ; 51 Mo. 145 ; 78 Mo. 344, 407, 630.

II. A breach of this contract entitles plaintiff to sue for damages. This is a proceeding at law. Courts of equity will not entertain bills for compensation, except as incidental to other relief. 2 Story's Eq., sect. 798 ; 27 Mo. 524; 3 Cushing (Mass.) 134.

PHILIPS, P. J.—This action was instituted in a justice's court. The statement sets out, substantially, the

following facts : The plaintiff having purchased of one
Schlegg certain described real estate at the agreed sum
of two hundred dollars, for the payment of which he
had executed to said Schlegg his several promissory
notes, and was to receive a deed therefor, on payment of
said purchase money, afterwards, by a verbal contract
with defendant, bargained the land to defendant. The
contract was that defendant should assume the pay-
ment of the plaintiff's notes to Schlegg, and pay plain-
tiff a bonus of forty dollars. Under this contract, the
defendant was let into the possession of the premises ; and
after so holding the same for a while, abandoned them,
and refused to perform his said contract. The plaintiff
asked judgment for said sum of forty dollars, also for
various other sums for reasonable rent, for rye on the
land, interest paid by plaintiff on the notes for the pur-
chase money to Schlegg, and for taxes which plaintiff
had to pay on the land.

The cause was tried on appeal in the circuit court,.
where the plaintiff recovered judgment for the sum of
forty dollars.

The parties admitted that this contract was not re-
duced to writing, and was not signed by either party.
The defendant interposed the statute of frauds as a de-
fence.

I. The inference is clear that the trial court affirmed
the validity of the contract of sale between the parties,
and awarded the plaintiff judgment for the bonus of
forty dollars agreed to be paid by defendant.

As both parties concede that the contract concerned
the transfer of an interest in land, two questions would
seem to arise on this appeal : Can the action be avoided
by the defence of the statute against frauds, etc. ? or is
it taken out of the operation of the statute by reason of
performance, in whole or in part ? And, second, had the
justice's court jurisdiction over the cause?

The plaintiff concedes in his brief that the contract
is avoidable for not being in writing and signed by de-

fendant; but his contention is, that the plaintiff has fully performed the same on his part, by putting the defendant in possession, and that defendant accepted the possession under the contract, and enjoyed the same.

We are relieved of the necessity of determining the issue respecting performance, provided the other question as to the jurisdiction of the justice of the peace, must be answered in the negative.

That the doctrine of specific performance of such contracts, when they are voidable under the statute, belongs peculiarly and exclusively to the equity branch of jurisprudence, and is universally administered alone by the courts of equity jurisdiction, is too well settled to justify debate or the citation of authorities. As Bispham, in his work on Principles of Equity (section 385, page 443) expresses it: "The relief, however, if obtained at all, must be sought for in equity. It will not be given in a court of law." Justices of the peace have no such equity jurisdiction. They are solely creatures of the statute, and their jurisdiction is at law. *Ridgely v. Stillwell*, 28 Mo. 400; *Lee v. Howe*, 27 Mo. 521; *Gruenewald v. Schaales*, 17 Mo. App. 327.

It follows that the judgment of the circuit court must be reversed. It is so ordered. All concur.