THE STATE OF MISSOURI ex rel. N. B. CONRAD, Prosecuting Attorney, etc., J. W. MAJOR, Constable, etc., Relators, Respondents, v. S. J. COTTEN, Justice of the Peace, etc., Appellant.

Kansas City Court of Appeals, February 1, 1909.

JUSTICES' COURTS: Power to Appoint Elisor: Statutory Construction. Justices' courts are purely statutory and a justice has no power to appoint an elisor to act as constable where an affidavit is filed against the constable on the ground of prejudice; and section 1599, Revised Statutes 1899, applies only to circuit courts and is not extended to justices by section 2780.

Appeal from Henry Circuit Court.—*Hon. Charles A. Denton,* Judge.

AFFIRMED.

*Walter G. Davis, Dickinson & Son* and *Parks & Son* for appellant.

(1) Where there is no sheriff or other ministerial officer qualified to act, or where they are interested or prejudiced, the court may appoint one or more persons to execute the process and perform any other duty of such officer. R. S. 1899, section 1599; Orscheln v. Scott, 79 Mo. App. 534; State v. Leabo, 89 Mo. 247; State v. Hultz, 106 Mo. 41, and authorities cited on page 48. (2) Justice of the peace shall have concurrent original jurisdiction. . . . with the circuit court in all cases of misdemeanor. R. S. 1899, sec. 2748. (3) All proceedings upon trial of misdemeanors before justices of the peace shall be governed by the practice in criminal cases in courts of record, so far as the same may be applicable, and in respect to which no provision is made by statute. R. S. 1899, sec. 2780. (4) A constable cannot ordinarily serve process in a suit to which he is a party or in which he is interested. 19 Enc. Pleading and Practice, 589, and authorities cited; 25 Am. and Eng. Enc. Law, 670, and authorities cited; 23 Am. and Eng. Enc. Law, 370, and authorities cited. (5) The power of the court to appoint elisors to select the jury, when the officer was a party to the suit, or was of kin to the parties, or was prejudiced, was well settled at common law. Bacon's Abridgment, Title Juries "E"; State v. Hultz, 106 Mo. 48.

*John A. Gilbreath, Ross E. Feaster* and *Nicholas B. Conrad* for appellees.

(1) Justices of the peace are solely creatures of the statute, and have only such powers as are given them by statute; they do not proceed according to the

common law methods, and have such powers only as the
Legislature has conferred upon them.   Enlow v. New-
land, 22 Mo. App. 581; Carr v. Railroad, 108 Mo. App.
391; Brownfield v. Thompson, 96 Mo. App. 340; Loomis
v. Wabash, 17 Mo. App. 340.   (2) · In case of a vacancy
in the office of constable in any township or when the
constable is interested in or is a party to the suit, or
when such constable refuses to act, the writ may be di-
rected to be executed by the constable of an adjoining
township. · Friar v. McGuire, 70 Mo. App. 587; Alex-
ander v. Eberhardt, 35 Mo. 475; Bick v. Wilkerson, 62
Mo. App. 31; R. S. 1899, sec. 885; R. S. 1899, sec. 886.
(3)   An elisor cannot be appointed even by the cir-
cuit court to serve a venire, until all of the officers of
the law who have authority to serve the same are
disqualified.   Orscheln v. Scott, 79 Mo. App. 538;
State v. Smith, 90 Mo. 37.   (4)   Constables may serve
warrants,   writs of attachment, subpoenas, and all
other process, both civil and criminal, and exercise all
other authority conferred upon them by law, through-
out their respective counties.   R. S. 1899, sec. 885.
(5)   A justice may direct his process to any constable
in the county and the constable is required to serve
the same.   Bick v. Wilkerson, 62 Mo. App. 31; Alex-
ander v. Eberhardt, 35 Mo. 475.

JOHNSON, J.—This is a mandamus proceeding
brought by the relators, the prosecuting attorney of
Henry county and the constable of Windsor township
in that county, against S. J. Cotten, a justice of the
peace of said township.   The appeal is by defendant
from the peremptory writ.   The facts are not in dis-
pute.

A criminal proceeding had been instituted against
one E. H. Thurman wherein he was charged with the
illegal sale of liquor.   The case came on for trial be-
fore defendant, as justice of the peace, and the prose-
cuting attorney demanded a jury.   Thurman then

filed an affidavit alleging that the relator constable was biased and prejudiced against him. He asked that the justice appoint a disinterested person as elisor to summon the jury. The application was sustained by defendant who announced that an elisor would be appointed. The prosecuting attorney declined to proceed further and withdrew. On motion of Thurman, defendant dismissed the case for want of prosecution. This suit then was begun. The command of the writ is that defendant reinstate the cause on his docket, issue a venire for a jury, place the same in the hand of the relator constable for service "and proceed with the trial of said cause as in case of a trial for misdemeanor."

The parties agree that the sole question for our determination is whether defendant had the power to appoint an elisor. That question must be answered in the negative. Justice courts being purely statutory may exercise only such powers as the Legislature has expressly conferred on them by statute. [Enlow v. Newland, 22 Mo. App. 581; Carr v. Railroad, 108 Mo. App. l. c. 391; Brownfield v. Thompson, 96 Mo. App. 340; Loomis v. Railway, 17 Mo. App. 340.] The statutes contain no provision for the appointment of an elisor by such inferior courts. Section 1599, Revised Statutes 1899, applies only to circuit courts and is not extended to include justice courts by section 2780, which provides: "All proceedings upon the trial of misdemeanors before justices of the peace shall be governed by the practice in criminal cases in courts of record so far as the same may be applicable, and in respect to which no provision is made by statute." Obviously this language does not refer to the power to appoint a temporary officer of the court. Since defendant was without authority to make the appointment and no other question is presented for our solution, it follows that the judgment must be affirmed. All concur.