MARGARET HERON, Appellant, v. ELLEN M.
PEISCH and ELLA SEEBOLD.

**Division Two, February 27, 1912.**

1. **SPECIFIC PERFORMANCE:** Verbal Agreement to Convey
Property: Stating Cause of Action: Description. A specific
description of the property sought to be impressed with a con-
tract to convey is essential to specific performance. A petition
stating that deceased verbally agreed in his lifetime to con-
vey to plaintiff, for services rendered his family, if she would
remain with him till his death, one of three pieces of property
located on two certain lots, with no separate or individual
description of the specific property sought to be impressed with
the contract to convey, does not state a cause of action for
specific performance.

2. ————: ————: ————: **Ownership.** To state a cause of
action for specific performance of a verbal contract to convey
land, the petition should state that the promisor owned the land
at the time the contract was made or some time before his
death or that defendants own it now.

3. ————: ————: ————: **Compensation.** A claim against
the heirs of a deceased promisor to convey land, either for
specific performance or for compensation in lieu thereof, can
arise only in the event of their becoming possessed through
inheritance of property upon which such promisor had impressed
a contract to convey to plaintiff. Compensation in lieu of
specific performance may in some cases be decreed where the
person who is liable on the verbal promise to convey has dis-
posed of the property to an innocent purchaser, and so made
specific performance impossible. But before plaintiff can have
compensation his petition must allege that such person had
conveyed to others.

Appeal from St. Louis City Circuit Court.—*Hon. W.
M. Kinsey,* Judge.

AFFIRMED.

*L. Frank Ottofy* for appellant.

(1) The court erred in sustaining the defendants'
demurrers because it clearly appears that plaintiff
has performed her part of the verbal contract and it

was therefore not within the Statute of Frauds and consequently enforceable in equity. Pomeroy's Equity Jurisprudence (3 Ed.), sec. 1409; Sharkey v. McDermott, 91 Mo. 647. (2) And even though the deceased put it out of his power to perform the contract by conveying the land, still plaintiff is entitled to relief, especially where there is no remedy at law, as is the case here, because the estate is closed and settled. Pomeroy's Equity Jurisprudence (3 Ed.), sec. 1410; Lee v. Howe, 27 Mo. 521; Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 101; Koch v. Hebel, 32 Mo. App. 103; Hall v. Getman, 121 Mo. App. 630; Hiatt v. Williams, 72 Mo. 214; Healey v. Simpson, 113 Mo. 340; Hall v. Harris, 145 Mo. 614; Fuchs v. Fuchs, 48 Mo. App. 18; Berg v. Moreau, 199 Mo. 416. (3) Although the deceased did not contract to convey the particular house of the three described in the petition, nevertheless the plaintiff having shown herself entitled to equitable relief, a court of equity will do full and complete justice and either select one of the three houses or in case it has been conveyed by the deceased, award her compensation in damages. It is a case that appeals to the sound discretion of the chancellor. Holland v. Anderson, 38 Mo. 58; Sharkey v. McDermott, 91 Mo. 657; Kirk v. Middlebrook, 201 Mo. 288.

*Watts, Gentry & Lee* for respondents.

(1) The demurrer was properly sustained, because the petition does not aver that the promisor was at the time the promise was made the owner or had any interest in any one of the three houses in the petition described; or that the promisor at any time ever had any title to, or interest in, any one of said three houses; or that either of the defendants is in the possession of, or claiming title to, any one of said three houses. (2) Because the promise recited in the petition and relied upon was not a promise to convey any

specific thing.    Shelton v. Church's Admrs., 10 Mo. 774; Ferriss v. Irving, 28 Cal. 645; Hamilton v. McEldowney, 46 Pa. St. 334.

FERRISS, P. J.—Appeal from a judgment of the circuit court of the city of St. Louis sustaining a demurrer to the following petition:

"Plaintiff, for her first amended petition, states that the defendants are the sole heirs and devisees of one George Peisch, deceased, who departed this life on the 15th day of April, 1905, in the city of St. Louis, Missouri.

"Plaintiff, for cause of action, further states that at the age of seven or eight years she became a member of the family of the said George Peisch, deceased; that although not related to him by blood, she rendered to the said George Peisch and his family the obedience and affection of a daughter, and continued to live with him, with the exception of brief intervals when visiting her own relatives, for a period of about thirty-four years, and until the death of the said George Peisch as aforesaid; that during said time the plaintiff performed services of great value to said Peisch as a member of his household and family; that she did housework. cooking, mending, sewing, nursing and all kinds of services such as are customarily rendered by members of a family to others composing the same; that she collected rents, kept books and performed services of every kind and description required of her by said George Peisch during said period; that on or about the — day of February, 1904, the plaintiff expressed a desire to leave the home and family of the said George Peisch and to take up her abode with her brother, then residing in the city of Memphis, Tennessee, in order to keep house and establish a home for her said brother; that in furtherance of said desire of plaintiff she proceeded to the city of Memphis at said time, but upon the urgent solicitation

and request of said George Peisch she returned to the city of St. Louis to again take up her abode and become a member of his family; that in order to insure the sojourn of plaintiff with said George Peisch until his death, the said Peisch, upon her return as aforesaid, entered into a verbal contract with plaintiff that if she would remain with him and in his family until his death he would give to the plaintiff one of three two-story brick houses situated upon the following described real estate in the city of St. Louis, State of Missouri, to-wit: Lots 27 and 28 of Lafayette Park addition, in block 483 west, in the city of St. Louis, fronting 50 feet on the east line of Eighteenth street, by a depth eastwardly of 128 feet, more or less, to an alley; that the said three houses are numbered 1204, 1204½ and 1206 South Eighteenth street, in said city, and together occupy the said lots of ground, each of said houses being situated on one-third of said two lots, and being of equal value, to-wit, the sum of twenty-five hundred dollars; that plaintiff faithfully performed her agreement to continue to abide with said Peisch until his death, and performed all the service required of her of said Peisch to his entire satisfaction, but plaintiff says that the said Peisch, disregarding his obligation to the plaintiff, and in violation of the terms of his contract as aforesaid, failed upon his death to convey to her one of the said three houses, and that she has received nothing for her services; that the estate of said George Peisch, deceased, has been fully closed and settled, the defendants being the sole heirs and distributees, and that she has no adequate remedy at law to enforce the terms of said verbal contract, or otherwise.

"Plaintiff further says that the said George Peisch, upon his death, devised to these defendants all of his estate, of great value, to-wit, about the sum of $106,000, and that they are now in possession thereof.

"Wherefore, by reason of the premises, plaintiff prays for a decree vesting in her the title to one of the said three houses, agreeable to the terms of the said verbal contract of said deceased, and for such other and further relief as to the court may seem meet and proper."

The plaintiff proceeds upon the theory that she is entitled to specific performance, or, if this cannot be had, then to compensation in damages.

The demurrer admits the truth of the facts pleaded. Do these facts establish a basis for specific performance as against these defendants? We think not. There is no description of the specific property sought to be impressed with the contract to convey. Such description is essential to specific performance. The specific property must be alleged and proven. [Sutton v. Hayden, 62 Mo. l. c. 115.] Nor is it alleged that the deceased, George Peisch, owned at the time the contract was made, or at any time before his death, the property mentioned in the petition; nor that the defendants, or either of them, had at any time any title to or interest in such property, namely, the three houses mentioned in the petition.

Compensation in lieu of specific performance may in some cases be decreed where the person who is liable on the verbal promise has disposed of the property to an innocent purchaser, and so made specific performance impossible. No such case is stated here against these defendants; hence, the cases cited by plaintiff upon this proposition do not apply. A claim against these defendants, either for specific performance or for compensation in lieu thereof, could arise only in the event of their becoming possessed through inheritance of property upon which their ancestor had impressed a contract to convey to plaintiff.

The cases cited by plaintiff are cases where the specific property is alleged and proven; and in those

cases where the property is followed into the hands of grantees from the contracting party, such grantees took with knowledge of the contract, the part performance and all the rights of the promisee, and were held to have taken in fraud of such rights. [Gupton v. Gupton, 47 Mo. 37; Lee v. Howe, 27 Mo. 521.]

As the petition states no case against these defendants, the judgment is affirmed. *Kennish* and *Brown, JJ.*, concur.