Moss H. Silverforb, Appellant, v. Bank of Nashua, Respondent.
—128 S. W. (2d) 1070.

Kansas City Court of Appeals. May 29, 1939.

*Moss H. Silverforb* and *Chas. N. Sadler* for appellant.

*Ryland, Stinson, Mag & Thomson* and *R. E. Rosenwald* for respondent.

SHAIN, P. J.—In this action the plaintiff filed a petition in the circuit court in the sum of $3,500 actual and $3,500 punitive damages. The defendant is the Bank of Nashua, Missouri.

The alleged facts in plaintiff's petition are briefly stated as follows: The plaintiff alleges that under date of September 1, 1938, he received a check drawn by F. B. Broeker on the Bank of Nashua, Missouri, in the sum of $1,000; that under date of September 7, 1938, he received another check from the same party on said bank for $1,250; and another check on September 15, 1938, by the same party and on the same bank for $1,250. It is alleged that all of said checks were made payable to plaintiff. Plaintiff further states that on September 7, 1938, he deposited two of the checks totaling $2,500 with the Merchants Bank of Kansas City, Missouri, and that both were returned on September 10th by the Bank of Nashua marked "drawn against uncollected funds." Plaintiff further states that on September 15th all three of the checks mentioned above were sent to the Bank of Nashua for collection where they remained until October 5, 1938, unpaid.

Plaintiff alleges that he made telephone calls in the interim from September 15th to October 3rd to the bank of Nashua and that the defendant herein stated to him that said items would be paid but that defendant ignored said promise and that defendant thereafter made guarantee to pay other vouchers and drafts drawn by said Broeker and that the said defendant did pay out on said guarantee greater sums than that represented by plaintiff's said checks while plaintiff's said checks were there awaiting payment.

Plaintiff alleges that defendant held said checks for an unreasonable time and did not return same in a reasonable time and thereby prevented plaintiff from collecting against said Broeker, all of which it is alleged was to plaintiff's damage, aforesaid.

Plaintiff alleges acts of defendant as wanton and malicious acts and thereon bases claim for punitive damages.

Defendant filed a demurrer to plaintiff's petiton and the same was sustained. The plaintiff refusing to plead further, the court entered interlocutory judgment for defendant. Thereafter, the court entered final judgment in favor of defendant and from said judgment plaintiff appealed.

We will continue to designate the parties as plaintiff and defendant.

Plaintiff's assignment of error goes as to action of the trial court in sustaining defendant's demurrer. In passing upon demurrer, all facts properly pleaded must be taken as true. Further, plaintiff's petition must be reviewed by giving of consideration of all inferences that can be legally drawn from the allegations therein clearly stated. Further, it is the duty of the agents of a bank having a draft for collection to notify the owner in reasonable time of non-payment.

As to the above duty, the plaintiff in his pleadings sets forth facts

that show he had full knowledge of non-payment and under such a showing, we conclude that no liability rests upon the defendant for any such failure. Further the return of the first two checks with the notation thereon was sufficient to put plaintiff on his guard. That he was so put upon his guard is evidenced by his sending back checks, not in the routine of deposit to the Kansas City bank as in the first instance, but "for collection."

As to the statement of defendant over the telephone that the checks would be paid, we conclude that such statement placed no liability upon defendant. The plaintiff in his brief virtually concedes the above point.

The plaintiff urges the abstract proposition that the failure on part of a collecting agent to exercise ordinary diligence renders it liable for loss. Such is the law in Selz v. Collins, 55 Mo. App. 55.

As to the above point, the only allegation in plaintiff's position is an allegation "that they did hold the checks for plaintiff in their possession for an unreasonable length of time, and did not return same to plaintiff or his agent bank, within a reasonable time, and by so doing prevented plaintiff from collecting against F. B. Broeker, which plaintiff could have done."

The above abstract statement without any allegation of failure of defendant to exercise diligence wherein negligence could be imputed to him is, we conclude, not sufficient allegation to state a cause of action for damages based upon negligence for failure of due diligence. Further, the statement of mere conclusion that such "prevented plaintiff from collecting against F. B. Broeker, which plaintiff could have done" is too vague to state a cause of action. The fact alone that the collection was not being made, which plaintiff's pleadings show plaintiff knew, does not justify the conclusion that plaintiff was hindered from collecting from Broeker. There is no allegation from which it can be concluded that the financial ability of Broeker to respond was not as good as it was at any time when plaintiff was telephoning and keeping posted as to the non-payment of the checks. In other words, the pleading presents no fact or circumstances that tends to lessen Broeker's ability to pay and no allegation of any bar of an action for debt against Broeker.

Plaintiff's abstract statement that defendant guaranteed and paid other checks of Broeker's in the interim is not accompanied with any allegation of facts that obligated the defendant to pay the checks made payable to plaintiff. In other words, many conditions could arise wherein defendant might be obligated to pay other items and still there might not be obligation to pay the checks in issue.

We have carefully read the plaintiff's petition and conclude that same does not plead any clear and concise facts that constitute a cause of action against the defendant. The pleading consists of an abstract statement of matters alleged as facts, not issuable, and legal con-

clusions based upon statements which, if true, do not justify the conclusions of law that are asserted.

A petition to be good must state the constructive facts which place liability upon the defendant. [Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, l. c. 397, 69 S. W. 355; National Hollow Brake Beam Co. v. Bakewell, 224 Mo. 203, 123 S. W. 561, 562.]

Courts in ruling as to the sufficiency of a pleading must determine the question not alone on what is stated but must take into consideration material and essential allegations, if so, which are not made. [Lackawanna Coal & Iron Co. v. Long, 231, Mo. 605, 133 S. W. 35.]

Judgment affirmed. All concur.