ARTHUR ·JACQUEMIN, Appellant, v. MERCANTILE COMMERCE BANK & TRUST COMPANY, a Corporation, as Executor and as Trustee under the Last Will and Testament of John Sheehan, Jr., Deceased, CHARLES SHEEHAN LAMY, JOSEPHINE LOURDS LAMY LYTTON, GENEVIEVE ANN LAMY BARLOW, and MARGARET CATHERINE LAMY AVERILL, Respondents, No. 41817—234 S. W. (2d) 789.

Division One, December 11, 1950.

*S. D. Flanagan* and *E. D. Francy* for appellant.

*Paul Bakewell, Jr.,* for respondents; *Bakewell, Bakewell & Cramer* of counsel.

[790] CONKLING, P. J.—Arthur Jacquemin (plaintiff-appellant, and hereinafter called plaintiff) appealed from the order of the circuit court sustaining the defendants' motion to dismiss plaintiff's petition in the latter's action for specific performance of his alleged oral contract with John Sheehan, Jr. (now deceased), that the latter would make a will devising his entire estate (excepting certain small bequests) to plaintiff. The respondent-defendant Bank is executor under the last will of John Sheehan, Jr., (who died Feb. 13, 1948) and the individual respondents-defendants are the nephew and nieces of deceased, and the residuary legatees of John Sheehan, Jr., under his last will. The latter's estate consisted of both real and personal property valued in excess of $194,000.

John Sheehan, Jr. died in St. Louis County, Missouri, leaving surviving him no widow, no children either natural born or adopted, no descendants of any deceased children, either natural born or adopted, and leaving no heirs except the four named individual defendants, all of whom were children of testator's predeceased sister. Sheehan's last will (dated July 29, 1930) was probated and letters testamentary were issued to defendant Bank and Trust Company.

The petition alleged that prior to May 5, 1946, plaintiff visited Sheehan and ran errands for him; that about May 5, 1946 Sheehan told plaintiff that he (Sheehan) was lonesome and that when plaintiff failed to visit him (Sheehan) the latter missed him; that if plaintiff would continue to visit Sheehan, as plaintiff theretofore had done, and would continue to do favors for him (Sheehan), that the latter would change his will and leave plaintiff all his estate, except the small bequests referred to above; that on that date plaintiff accepted Sheehan's offer; and that on November 10, 1946, Sheehan repeated said offer and plaintiff again accepted it.

Plaintiff further alleged that thereafter Sheehan told plaintiff that he (Sheehan) had made a new will leaving plaintiff Sheehan's entire estate (excepting the small bequests); that, at some sacrifice, plaintiff carried out and performed his agreement with Sheehan frequently giving up the companionship of his family to do so; that after May 5, 1946, plaintiff "visited said John Sheehan, Jr.,

both at his home and at the hospital, as frequently as he had done in the past, and at all times when requested to do so by deceased, ran errands for him, [791] visited his property, obtained birth records for him, and performed many other tasks for said John Sheehan, Jr."; that plaintiff's services were rendered Sheehan in reliance upon Sheehan's oral agreement, and that the value of plaintiff's "services and companionship" to Sheehan "cannot be readily measured in money and is not readily ascertainable by pecuniary standards." Plaintiff also alleged that Sheehan failed to make a new will in favor of plaintiff; that plaintiff had no adequate remedy at law, and that "unless this court enters its judgment and decree herein enforcing specific performance of the agreement aforesaid" the executor will distribute Sheehan's estate to the individual defendants.

Plaintiff's petition prayed a decree "specifically enforcing the agreement made by John Sheehan, Jr. with plaintiff", and divesting title to Sheehan's estate exclusive of the small bequests, out of defendants and vesting title thereto in plaintiff.

Defendants filed their motion to dismiss on the grounds that it appeared from plaintiff's petition (1) that letters testamentary were issued on February 18, 1948 and that plaintiff's suit was filed March 29, 1949, (2) that plaintiff's action was barred by the statutes of limitation and non-claim set out in Article 7 of Chapter I of R. S. Mo. 1939, (3) that plaintiff's suit was filed more than a year after issuance of letters testamentary and was therefore barred by Sec. 182 R. S. Mo. 1939, Mo. R. S. A., (4) that plaintiff was not entitled to the relief prayed, and (5) that no claim was stated upon which the relief prayed could be granted. Defendants' motion to dismiss was sustained.

Plaintiff here contends (1) that an "action in equity for the specific performance of an oral contract to make a will" is not a "demand" within the purview of Sec. 182, R. S. Mo. 1939, Mo. R. S. A., and (2) that the petition states a claim upon which relief may be granted because it clearly shows a case for specific performance, and that the value of the services plaintiff alleges he rendered "are not readily estimable in money."

In our view of this appeal it seems unnecessary to discuss all of the contentions stated in the two paragraphs last above. If plaintiff's petition states no case for specific performance, i. e., if it states no claim upon which the relief prayed could in any event be granted, then it becomes unnecessary for us to consider the respective contentions of the parties as to the statutes of limitation.

Because the opportunities for fraud are so great, when specific performance of an alleged oral contract to make a will or devise real estate is sought after the death of an alleged promisor, the rules which govern must of necessity be rigid. Courts are "slow

to enforce'' such contracts. We have said that: ''The enforcement of contracts of the character here involved is an exception which courts of equity have engrafted upon the Statute of Frauds. The exception is one that is sparingly exercised, and rightfully. so. Title to real estate should not slumber in oral contracts to convey. The very conscience of the court must be touched by the facts of the particular case before the exception to the statute will be called into play.'' Walker v. Bohannan, 243 Mo. 119, 147 S. W. 1024. Specific performance is a remedy of equity and is granted ''only where the very justice of the thing calls for it.'' Feigenspan v. Pence, 350 Mo. 821, 168 S. W. (2d) 1074, 1079, and Hardy v. Dillon, (Mo. Sup.) 207 S. W. (2d) 276. Even though facts are alleged in the petition which, if timely presented in the proper forum, may have entitled plaintiff to some compensation, still, under these circumstances, specific performance is never granted as a matter of right. This is especially true where the alleged oral contract is one for the devise of land, or one to make a will devising land. Ver Standig v. St. Louis Union Trust Co., 344 Mo. 880, 129 S. W. (2d) 905, Hardy v. Dillon, supra. And that is likewise true where it is alleged, as here, that the promisee has performed the things incumbent upon him to have been performed. ''If the services rendered were not exceptional and substantial, personal, filial, or arduous and menial, and could readily and easily be measured or compensated in money'' we have held that specific performance should [792] be denied. Hardy v. Dillon, supra, and cases there cited. It must appear that, when made, the contract was fair and just and that there was adequacy and mutuality in its consideration. The alleged oral contract will not be enforced ''if to do so would be unconscionable''. Powers v. Mercantile-Commerce Bank & Trust Co., (Mo. Sup.) 217 S. W. (2d) 375, 377, 378. Feigenspan v. Pence, supra, Perrin v. Grimshaw, (Mo. Sup.) 221 S. W. (2d) 727, 730, Ver Standig v. St. Louis Union Trust Co., supra, Walker v. Bohannan, supra.

Oral contracts to make a will are sometimes enforced after the death of the promisor even where the time of the services was of comparatively short duration. See Berg v. Moreau, 199 Mo. 416, 97 S. W. 901, and cases cited in Selle v. Selle, 337 Mo. 1234, 88 S. W. (2d) 1. c. 882 and Perrin v. Grimshaw, supra. But an examination of that line of cases shows unusual circumstances of the rendition of peculiarly personal or exceptional and substantial services (which circumstances do not appear in the instant petition), and which, under the very justice of those cases, compelled the granting of the unusual relief of specific performance.

Plaintiff argues that the allegations of his petition as to the services he performed for John Sheehan, Jr. raise questions of facts which can be determined only after proof has been adduced, in that

it is not determinable from his petition whether the services he alleged he rendered were compensable by pecuniary standards. He relies upon such cases as Ver Standig v. St. Louis Union Trust Co., supra, Berg v. Moreau, supra, Powers v. Mercantile-Commerce Bank & Trust Co., supra, Maness v. Graham, 346 Mo. 738, 142 S. W. (2d) 1009, and Sutton v. Hayden, 62 Mo. 101, 114. But analysis of those cases, and consideration of what was there said as against the background of the facts of those cases, clearly demonstrates their inapplicability here.

In the instant case (*based upon his own pleading*) plaintiff visited promisor, ran errands for him, visited promisor's property and obtained birth records. In Ver Standig v. St. Louis Union Trust Company, supra, plaintiff rendered exceptional and substantial personal services, in that he exercised discretion in business affairs and supervised and managed promisor's real estate, attended to her leases, advised with her about her investments and gave her affairs "almost daily personal attentions." In Berg v. Moreau, supra, plaintiff moved into the Moreau home, rendered personal services and kept house for promisor, ministered to his wants, did all the menial and arduous housework, cooking and laundry and nursed him in his illness. In the Powers case, promisor moved into the home of plaintiff and there plaintiff rendered promisor menial and kindly personal services, did *all* the housework, "kept the house well in order, cooked the meals, prepared special foods" (for promisor) and nursed her. In Maness v. Graham, supra, plaintiff moved into the home of promisor to take care of the helpless and aged promisor; she there rendered him arduous and menial personal services, shaved, fed, bathed him and attended his ill and helpless body; she also milked the cows, fed the stock, attended the garden, canned vegetables, chopped wood and prepared and marketed promisor's dairy products. In the Sutton case, plaintiff went into promisor's home, did the housework, cheerfully performed arduous and menial personal services, nursed promisor in illnesses and rendered "a thousand nameless and delicate services and attentions * * * which money, with all its peculiar potency, is powerless to purchase." The facts of those five cases characterize and distinguish from the instant case the facts and reasoning of cases wherein the courts have felt compelled to grant the unusual relief of specific performance. See Hardy v. Dillon, supra, and Perrin v. Grimshaw, supra. The very justice of the facts of such cases as the five above cited as relied on by plaintiff touch the conscience of the court and preclude any other conclusion. But those cases are not determinative here. This petition presents wholly different facts.

Here, upon plaintiff's own pleading, all he did was visit and go upon errands such as [793] visiting property and obtaining birth

records., Plaintiff's general allegation of the performance of "other tasks" for Sheehan merges into his particular and definite allegations as to just exactly what he did. Plaintiff is (and we are) bound by the pleading before us. Plaintiff does not here even contend that under his petition it is so much as inferable that he agreed to 'or did perform any service under his alleged contract which was in any wise exceptional, or substantial, or personal, or filial, or arduous or menial, or that he rendered any service whatever which (in truth and in fact) could not have been readily measured and have been easily compensable in money. Plaintiff's contention that it is not determinable from his petition whether the services he alleges he rendered are compensable by pecuniary standards must be denied. Such is clearly determinable from his petition and we rule that the services plaintiff alleged he rendered were in fact readily ascertainable and compensable by pecuniary standards.

Merely visiting with promisor and "occasionally * * * when requested to do so" going upon inconsequential errands for him, such as visiting property and obtaining birth records, in these circumstances falls far short of pleading a fair and conscionable contract as to which a court of equity should decree specific performance. In determining the fairness of the contract we consider the situation of the parties at the time the alleged contract was made. The petition reveals that plaintiff lived in his own home with his own family, and that he continued to do so. He never did more than make mere occasional visits to promisor and do isolated and unimportant errands for him. Nothing else appears. Clearly those errands were not services of such exceptional, substantial or personal character that plaintiff alone could have done them. The reasonable value of the services plaintiff pleaded he rendered was quite insignificant. Perrin v. Grimshaw, supra, Feigenspan v. Pence, supra, Hardy v. Dillon, supra, Selle v. Selle, supra, Swedish Evangelical Free Church v. Benson, 77 Colo. 370, 237 Pac. 165. Here there was no filial relationship. See 106 A. L. R. 760. Nor is it alleged in the petition (and it is not inferable therefrom) that promisor was in any need of any strict personal attention from plaintiff. And it is not alleged that plaintiff rendered that character of service. In fact the contrary appears. To be entitled to invoke specific performance under these circumstances the services rendered by the promisee, at least in some respects, must be exceptional and substantial in nature and purely personal in character. See cases last above cited, and annotations, 69 A. L. R. 14, et seq., 106 A. L. R. 742, et seq.

It is our conclusion, and we rule that plaintiff's petition wholly fails to state any case upon which specific performance can be decreed. . It follows therefrom that the above stated contentions of

380

the parties as to the statutes of limitation pass out of the case and we do not consider them. The order of the circuit court dismissing plaintiff's petition is affirmed. It is so ordered. All concur.