**John W. GUENZLER,
Plaintiff-Appellant,**

v.

**Archie Lee GUENZLER, Individually and as Personal Representative of the Estate of Charles Lester Guenzler, Deceased, et. al., Defendants-Respondents.**

**No. 51092.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 1986.

James L. Homire, Jr., Clayton, for plaintiff-appellant.

Michael W. Brown, Union, Jack C. Stewart, John W. Hammon, Hillsboro, for defendants-respondents.

PUDLOWSKI, Judge.

Appellant appeals from the trial court's sustaining of respondents' motion to dismiss with prejudice appellant's petition in equity for specific performance of an oral contract to convey real estate. Appellant contends that his motion sufficiently stated a cause of action and, alternatively, that if it failed to state a cause of action, that the trial court erred by refusing to allow appellant to amend his petition. We hold that appellant's pleading stated a cause of action and reverse and remand.

On July 10, 1983, Charles L. Guenzler died intestate. Appellant, John W. Guenzler, the first cousin once removed of the decedent, brought an action against the decedent's personal representative and heirs, the respondents here. Appellant sought a specific performance decree which would require the decedent's personal representative to convey 140 acres of Jefferson County farmland to him.

Paragraph 8 of appellant's petition is the heart of the controversy. It states:

> In the fall of 1970, decedent, Charles Lester Guenzler, made and entered into an agreement with plaintiff by the terms of which Charles Lester Guenzler agreed to deed or leave to the plaintiff by will

his farm in Jefferson County, more particularly described hereafter, if the plaintiff would take care of the farm, do the work needed on the farm and take care of his affairs; and thereafter, the plaintiff duly performed and discharged all of his obligations under the contract, and he continued to do so up until the time of the death of Charles Lester Guenzler.

The trial court then sustained the respondents' motion to dismiss appellant's petition for failure to state a cause of action. The order dismissing the cause of action did not explain why the petition failed. Further, there is no record of any motion by appellant to amend his pleadings subsequent to the dismissal of his action.

First, it must be underscored that the issue here is not whether the appellant has met the burden of proving an oral contract, but rather, has he failed to state a claim. As Judge Simeone of this court explained:

On a motion to dismiss for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts alleged, and if the pleader's allegations invoke principles of substantive law which may entitle it to relief, the petition is not to be dismissed. If the facts pleaded and the reasonable inferences to be drawn therefrom looked at most favorably from the plaintiff's standpoint show any ground upon which relief may be granted, the plaintiff has the right to proceed.... If the pleader's allegations invoke substantive principles of law which if proved may entitle it to relief, the petition is not to be dismissed.

Under modern pleading principles, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief.

*Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 629–630 (Mo.App. 1975).

■ Respondents' attack on appellant's petition focuses on two parts of paragraph 8. First it is said that the pleaded date of the alleged contract, in the "fall of 1970," is not clear, explicit or definite. However, a petition which alleged the time of contracting as "in the year 1926" was held to state a good cause of action. *Bealmear v. Beeson*, 263 S.W.2d 472 (Mo.App.1953). Respondents' argument is without merit.

■ Next, respondents contend that the terms "take care of the farm, do the work needed on the farm and take care of his affairs" are also deficient. They argue that all of the terms of the contract are not pleaded in the petition in that: 1) it does not state in what manner or how plaintiff would take care of the farm; 2) it does not state whether it was to be merely maintenance work on the farm or whether plaintiff was to do the actual farming of the land; 3) it does not state when the performance of the alleged contract was to begin or where it was to cease; and 4) it does not plead with particularity what all of his obligations under the contract were.

However, in *Mills v. Bergbauer*, 452 S.W.2d 237 (Mo.1970) the Missouri Supreme Court affirmed a judgment for the plaintiff on the existence of an oral contract. In his petition, plaintiff alleged that:

the deceased, George Thomas Mills, made and entered into an agreement with him by the terms of which he agreed to will and devise the above-described real estate to him if he would move back to the farm with him and look after his health and affairs and take care of him for the remainder of his life.

*Id.* at 237. Examining respondents' contentions under the standard of review articulated above, we cannot see how this petition in the case at hand differs from the *Mills* petition so that one states a sufficient cause and the other suffers from a fatal deficiency.

Respondents cite *Jacquemin v. Mercantile Commerce Bank & Trust Co.*, 234 S.W.2d 789 (Mo.1950) which held that a pleading in which plaintiff alleged he agreed to visit decedent and that he would also do favors for him in return for decedent changing his will did not state a cause of action. But as the court noted:

Merely visiting with promisor and "occasionally ... when requested to do so" going upon inconsequential errands for him, such as visiting property and obtaining birth records, in these circumstances falls far short of pleading a fair and conscionable contract as to which a court of equity should decree specific performance.

*Id.* at 793.

The *Jacquemin* court explained that:

"[i]f the services rendered were not exceptional and substantial, personal, filial, or arduous and menial, and could readily and easily be measured and compensated in money" we have held that specific performance should be denied.... It must appear that, when made, the contract was fair and just and that there was adequacy and mutuality in its consideration. The alleged oral contract will not be enforced "if to do so would be unconscionable."

Id at 791–792.

In other words, what undermined the *Jacquemin* petition was not that the pleading was unclear and indefinite, but rather, even if appellant had proved every fact alleged, the sum of his effort was insufficient to invoke the equitable remedy of specific performance. Here, appellant alleged that he would care for the farm, do the work needed and care for the decedent's affairs. We find that such services compare extremely favorably to the otherwise insignificant services alleged by the plaintiff in *Jacquemin*. Instead, they are nearly identical to the services pleaded in *Mills* and we hold that they state a sufficient cause of action.

Reversed and remanded.

DOWD, P.J., and REINHARD, J., concur.